ISAAC V. N. DUTCHER, JR., plaintiff in error, *vs.* THE JUSTICES OF THE INFERIOR COURT OF FULTON COUNTY, defendants in error.

A witness for the State, in a criminal case, who, in obedience to a *subpœna* served upon him while temporarily in this State, actually comes from his home, in a distant State, where he resided when the *subpœna* was served upon him, and testifies in the cause, is entitled to mileage from the county treasury, for the whole distance traveled in coming from and returning to his home.

Cost in criminal cases. Decided by Judge COLLIER. Chambers. Fulton county. December, 1867.

An indictment for larceny after trust, etc., was pending in Fulton Superior Court. The record does not show whose property was stolen. During April Term, 1867, said Dutcher, who resided in St. Louis, Missouri, being in the court-room, was subpœnaed in said case, on behalf of the State. Under the *subpœna*, he attended court till it adjourned, and the Solicitor General permitted him then to go home, without requiring a bond to return, upon his promise that he would return, in obedience to said *subpœna*. He did return, attended the Court, was sworn, and gave his testimony in the case. He proved his *subpœna*, claiming twenty-one days, at $2 00 *per diem*, and in coming and returning, twenty-two hundred and fifty miles, at $2 00 for each thirty miles. He asked the Judge to approve said account, so as to authorize the county treasurer to pay it. The Judge allowed the *per diem*, and the mileage for three hundred and seventy-five miles, traveled in this State, but refused to allow mileage for travel beyond this State. This refusal is assigned as error.

Dutcher *vs.* Justices Inferior Court of Fulton County.

HOGE & SPRAYBERRY, (by the Reporter,) for plaintiff in error.

W. H. HULSEY, Solicitor General, for defendants in error.

McCAY, J.

Section 3792 of the Code is in these words:

"Witnesses for the State, in a criminal prosecution in the Superior Courts, attending in a different county from that of their residence, shall receive $2 00 per day during their attendance, and $2 00 for each thirty miles traveled in going and returning, which shall be paid," etc.

Judge Collier held, in this case, that the law would permit a payment of mileage, to and from the State line, but not further. We see no reason for the restriction. The reason of the law is certainly in favor of the payment from and to his residence, wherever that may be.

As a matter of public policy, it is important that witnesses should be encouraged to appear, and there is nothing in the Act expressly confining it to persons resident in the State. They have a public duty to perform, but a citizen of another State owes no such obligation. He happens here, and whilst here, becomes a witness to a violation of our laws. He is subpœnaed whilst here. If permitted to leave, he is under no obligation to return. If kept here by force, which, perhaps, the State might do, it would certainly be at her expense.

The better policy, and there is nothing in the law to the contrary, is to pay him for coming and going.

This gentleman, as it appears, has, in good faith, made a long journey, perhaps much to his own inconvenience, for the benefit of the county of Fulton, and as the spirit and reason of the statute, not to say its express words, gave him mileage, we think it was error not to have allowed it.

Judgment reversed.