WESTFALL v. MADISON COUNTY.

1. **Witness:** SUBPŒNAED FROM WITHOUT THE STATE: MILEAGE: LIABIL- ITY OF COUNTY IN CRIMINAL CASE. Where a witness is subpœnaed from beyond the jurisdiction of the court, while in a civil case his mileage in reaching the court's jurisdiction could not be taxed to the party who did not subpœna him, he might recover it from the party who did subpœna him, as for service rendered and expense incurred at his request. And in a criminal case, where he is subpœnaed from beyond the state lines to testify on behalf of the state in a case where the defendant is found not guilty, if he obeys the subpœna, he may recover of the county, in addition to his per diem and mileage within the state, mileage at the same rate for the distance from his place of residence to the state line.

*Appeal from Madison Circuit Court.*

TUESDAY, DECEMBER 11.

A SUBPŒNA was issued by the district court of Madison county, directed to one Potter, a resident of Pittsburg, Pa., where the same was served, requesting him to appear in said court and testify upon the part of the state in a criminal action. Potter obeyed the subpœna and testified. The defendant in the action was found not guilty, and it was adjudged that the defendant in this action should pay the costs in the criminal action. Potter claimed that he was entitled to mileage from Pittsburg, but his claim in this respect was disallowed by the defendant, and Potter assigned his claim to the plaintiff. This action was brought to recover the mileage aforesaid. The court found for the defendant, and the plaintiff appeals.

*J. B. W. Westfall* and *George E. McCaughan,* for appellant.

*Ruby & Wilkin,* for appellee.

SEEVERS, J.—The single question to be determined is

whether Potter is entitled to mileage from Pittsburg.   If he is, then the judgment of the court is erroneous.

It will be conceded that, in a civil action, when a witness has been subpœnaed by one party in another state, the mileage or distance traveled to reach the state line cannot be taxed as a part of the costs against the other and losing party.   But we are not prepared to say that such witness could not recover of the party at whose instance he performed the service a reasonable compensation therefor, based upon the distance traveled, and the length of time he was engaged.   The service of the subpœna out of the state at the instance of a party should, we think, be regarded as a request.   The general rule is that, when one person performs services at the request of another, he is entitled to compensation from the latter.

While, in the case at bar, the attendance of Potter could not have been coerced, yet we think the service of the subpœna should be regarded as a request upon the part of the state that he would attend the term of court at the time and for the purpose stated in the subpœna.

He complied with such request, and, therefore, an implied promise on the part of the state to pay him a reasonable compensation must be presumed.   The responsibility of the state being fixed, the statute provides that the same shall be paid by the county in cases where the defendant in a criminal action has been adjudged not guilty.   Code, § 3814. Potter was undoubtedly entitled to compensation for daily attendance, and probably for the distance traveled in the state.   Code, § 4561.   As we understand, the defendant has admitted its liability to this extent, and has paid or tendered such amount. The statute provides that witnesses shall receive compensation "for actual travel per mile, each way, five cents."   Code, § 3814.

As Potter came from Pittsburg at the request of the state, and did not do so officiously and on his own motion, we think he should be compensated under and in accordance

with the foregoing statute. We think public policy, and the due and proper administration of the criminal law, demand that such should be the rule.

The constitution requires that the accused in criminal actions shall "be confronted with the witnesses against him." Art. 1, § 10, of the Constitution. We understand this to mean that the witnesses on the part of the state shall be personally present when the accused is on trial. To prevent failures of justice, the attendance of witnesses in such cases should, at least, be so far encouraged as to require the state and counties to pay them a reasonable compensation, when they voluntarily, but at the request of the state, come here for the purpose of testifying on the part of the state in criminal actions.

Counsel have cited authorities bearing to an extent, at least, on the question under discussion.

They cannot be regarded as decisive, and, after a careful consideration, we are of the opinion that the rule herein declared is the better one, and more in accordance with our constitution, statute and policy than the reverse would be.

REVERSED.