STERN & CO. v. J. P HERREN.

*Costs— Witnesses—Non-residents.*

1. The manner of summoning witnesses and their compensation is entirely regulated by statute.

2. There is no provision in our law authorizing the taxation, as costs, of the fees for attendance and mileage of witnesses who have not been summoned, nor of witnesses who have been summoned but who are non-residents of the State.

This is an APPEAL, from a judgment of *Boykin, J.,*at Fall Term, 1888, of HAYWOOD Superior Court, adverse to the plaintiff, upon a motion made by defendant to re-tax costs, based upon an affidavit of the defendant, that W. D. Norvell, a witness for plaintiff, had charged mileage from Richmond, Va., to Waynesville, N. C.

The motion was made at Spring Term, 1888, at which term, by an order, it was referred " to J. K. Boone, Clerk of

the Court, to hear evidence and report to the next term of the Court." At Fall Term the Clerk made the following report:

"1. That the witness, W. D. Norvell, Jr., claimed and proved for 544 miles, traveling to and from Richmond, Va., the said distance claimed being counted from the North Carolina State line, near Danville, Va., to Waynesville, N. C., and return.

2. That said witness attended the Court for five days at Fall Term, 1887, as a witness for plaintiff.

3. That said W. D. Norvell resides three-fourths of his time in Virginia and the remainder of his time he spends in Waynesville, N. C., visiting his family.

4. That said witness paid poll tax in Waynesville, N. C., for the year 1887, and did road duty in Waynesville.

5. The said witness registered and voted in Waynesville, N. C., in the fall of 1885, but that he has not voted since that time.

6. That he has not kept house, but boarded his family at Waynesville, since January, 1885.

7. That said witness was a resident of the State of Virginia at Fall Term, 1887, and was entitled to prove his attendance as a witness for the plaintiff from the State line to Waynesville and return.

8. W. D. Norvell is a commercial tourist, and stays part of his time with the house in Richmond, Va., and travels for the house the remainder of the time."

To this report the defendant filed the following exception:

The defendant excepts to the 7th finding of fact and law, " That the said witness, W. D. Norvell, was a resident of the State of Virginia at Fall Term, 1887, and was entitled to prove his attendance as witness for the plaintiff from the State line to Waynesville and return;" and says, from the other finding of facts, it will appear to the Court that said W. D. Norvell, if he has any fixed residence, is a resident

of Waynesville, N. C., and is not entitled to prove mileage, as the 7th finding of fact and law contradicts all the other findings of fact by the referee.

His Honor sustained the defendant's exception, and ordered that the bill of costs be reformed by striking out the mileage of W. D. Norvell, and from this the plaintiff appealed.

*Mr. Geo. A. Shuford,* for the plaintiff.

*Messrs. G. S. Ferguson* and *Geo. H. Smathers,* for the defendant.

DAVIS, J. (after stating the case.)   Section 3756 of *The Code* prescribes the fees to be paid witnesses, and section 1355 prescribes " rules for summoning witnesses."   It is apparent from an inspection of the sections of *The Code* referred to that they do not have reference to witnesses who reside out of the State.   Section 1357 provides for the taking of depositions, and section 1358 specifies what depositions may be read in evidence, among them those of witnesses who reside in a foreign country or in another State. Section 1369 prescribes the manner in which witnesses shall prove their attendance, " every person *summoned,* who shall attend as a witness in any suit, shall," &c.

In *Lewis* v. *Commissioners,* 74 N. C., 194, it was said : " At common law no costs were recoverable by the plaintiff or defendant in civil actions or criminal·prosecutions. * * * * Costs are now given by statute both in England and in this country, but they are recoverable by law only in those cases, State and civil, where they are allowed, and only in the manner and to the extent allowed by law."   A witness who attends Court " without having been summoned " is not entitled to prove his attendance so as to charge the losing party with the amount of his tickets.   *Thompson* v. *Hodges,* 3 Hawks, 318.

The attendance of a non-resident witness cannot be enforced, even though summoned; and, as was said by DANIEL, J., in *Kinzey* v. *King*, 6 Ired., 76, the party desiring his evidence may have his deposition taken. To the same effect is *Meredith* v. *Kent's Ex'rs*, Martin, 17 (Battle's edition).

It is true that in the case of *State* v. *Stewart*, 1 Car. Law R., 524, it was held that a witness who, after being summoned on the part of the State, removed to another State, was entitled to mileage from the place of his residence, but the reasons given were, that the " binding a man in recognizance to attend " and give testimony did not put him under obligations not to change his place of residence; and another reason might have been given, and that is, in criminal cases the witnesses must be confronted with the accused, and they may be put under bonds to attend, if necessary.

In the case before us, it does not appear that the witness was summoned, and, so far as his right to charge the plaintiff with mileage is concerned, it is immaterial whether he was a resident of Richmond, Va., or of Waynesville, N. C. If the former, his deposition could have been taken and read, or if he chose to attend voluntarily as a witness on behalf of the defendant in the action, he could not tax the plaintiff with mileage; if the latter, there was no mileage to be taxed.

There is no error in the ruling of the Court below.

Affirmed.