## WARNSTAFF V. LOUISA COUNTY.

**Witness:** IN CRIMINAL CASE: SUBPŒNAED FROM BEYOND STATE : FEES: LIABILITY OF COUNTY. Plaintiff, who resided in the state of Oregon, verified an information for embezzlement committed in the state of Iowa. This she did before an officer of the state of Oregon, and on the same day she accepted service of a subpœna to attend before a justice of the peace in Iowa to testify on the preliminary examination of the person charged with the crime, and a like subpœna was served upon her. The subpœnas and information had been sent from Iowa. No warrant had been issued for the defendant and he had not been arrested. Plaintiff. however, came to Iowa and was ready to testify, but the defendant, upon being arrested, waived examination, and give bail for his appearance at the district court. *Held* that the justice had no authority to issue the subpœnas in advance of the arrest, and that plaintiff, knowing that no arrest had been made when the subpœnas were issued, was not warranted in coming to Iowa in obedience to the void subpœnas, expecting the state to pay her mileage, and that she could not recover therefor of the county where the case arose. (*Westfall v. Madison County*, 62 Iowa, 427, *distinguished.*)

*Appeal from Louisa District Court.*—HON. A. H. STUTSMAN, Judge.

FILED, JANUARY 22, 1889.

THIS is an action at law to recover fees and mileage alleged to be due plaintiff for attending before a magistrate in a preliminary examination. The district court rendered judgment for defendant. Plaintiff appeals.

*E. W. Tatlock,* for appellant.

*D. W. Sprague* and *Hurley & Hale,* for appellee.

REED, C. J.—Plaintiff caused a preliminary information to be filed before a magistrate in Louisa county in which she accused one James D. Barr of the crime of embezzlement. She resided in the state of Oregon at the time. She verified the information. by oath taken before an officer of that state, and sent it to an attorney in this state who filed it with the magistrate. A warrant was issued for the arrest of Barr, but before any arrest was made the magistrate issued two subpœnas directed to plaintiff, directing her to

appear on a named day to give testimony in the case. One of the subpœnas was sent to the sheriff of the county in Oregon in which plaintiff resided, who served the same, and made return of the service. The other was sent directly to, plaintiff, and she endorsed an acceptance of service thereon. She came to Iowa in obedience to the subpœnas and was present in Louisa county on the day named therein ; but Barr, who was arrested after she came to the state, waived examination, and gave bond to answer to any indictment that might be found against him. The magistrate certified plaintiff's mileage and *per diem* in obeying the subpœnas to the county auditor, but the board of supervisors refused to allow the same, and this action was brought to recover the amount from the county. It was held in *Westfall v. Madison County*, 62 Iowa, 427, that a witness who obeyed a subpœna in a criminal case served upon him beyond the state was entitled to receive the compensation provided by law. In that case, however, the subpœna was issued by the district court after an indictment had been returned and the accused had been arrested. The facts of the present case are so essentially different that we cannot regard it as falling within the reason of that holding. The ground of the decision is that, as the witness obeyed the mandate, although he could not have been compelled to do so, there was an implied promise by the county to compensate him for the time consumed and expenses incurred in complying with the request. No such implication, however, could have arisen unless the officer who issued the writ had authority to make the request, and that authority arose out of the fact that the court had acquired jurisdiction both of the subject-matter and the accused. By the indictment and arrest the court had acquired jurisdiction to try the accused on the charge. But in the present case, as the accused had not been arrested when the subpœnas were issued and served, the magistrate had not acquired jurisdiction to hear the examination, and as a consequence had no authority to bind the state or county by

a request for the attendance of witnesses. There is no provision of statute authorizing or requiring a magistrate to issue subpœnas for witnesses in a preliminary examination in advance of the arrest of the accused. Section 4233 of the Code makes it the duty of the magistrate to issue subpœnas for witnesses required either by the state or the defendant. But this clearly contemplates that the steps essential to his power to make the examination shall first have been taken, for the witnesses can be subpœnaed only for the purposes of the examination, and of necessity the power to make it is essential to the power to subpœna them; and it needs no argument to show that the arrest of the accused is essential to the power to make the examination. We are of the opinion, therefore, that plaintiff is not, under the facts of the case, entitled to recover, and the judgment will be

AFFIRMED.