MARCELLUS SOLOMON, Appellee, v. FINDLEY McLENNAN, Appellant.

Attachment: DAMAGES : ATTORNEY FEES. The defendant recovered judgment against the plaintiff for damages upon an attachment bond, and for court costs, but through oversight made no application for the taxation of attorney fees. After the judgment and cost had been paid, a motion for attorney fees was filed. *Held,* that the application came too late.

*Appeal from Cass District Court.*—HON. N. W. MACY, Judge.

SATURDAY, OCTOBER 25, 1890.

THIS was an action in attachment to recover damages alleged to have been sustained through the negligence of the defendant in permitting a stallion to escape and run at large. The defendant filed a crosspetition, claiming damages upon the attachment bond. There was a trial by jury, and a verdict and judgment for the defendant for five dollars. The ordinary costs for witness fees, court costs, and the like, were taxed to the plaintiff, and the judgment and costs were paid.

Afterwards the defendant filed a motion for an allowance of attorney's fees. The motion was overruled. A petition was also filed asking that attorney's fees be taxed, and the petition was, on the motion of the plaintiff, stricken from the files. The defendant appeals.

*L. L. Delano* and *J. C. Bryant*, for appellant.

*Willard & Willard*, for appellee.

ROTHROCK, C. J.—The trial was had, and judgment entered, at the February term, 1888, of the district court. Afterwards the judgment and costs were paid. On the fifteenth day of February, 1889, the defendant made his application to have an attorney's fee taxed. The excuse for not making the application when the judgment was entered was that by ''some oversight there was no fee taxed for the defendant's attorney.'' We must presume that this oversight was not that of the court or the clerk. Of course the court would not, of its own motion, tax the fee, and the clerk could not tax it because he had no power to determine the amount. We have then the case of a party failing to make any claim for an attorney's fee until nearly a year after judgment, and after the whole controversy had been closed by payment in full of the judgment and costs. It is true that it is provided, by section 2961 of the Code, that, in an action on an attachment bond, in addition to actual damages sustained, recovery may be had for ''reasonable attorney's fees, to be fixed by the court.'' Now, if the party entitled to recover the fees by some oversight makes no claim for attorney's fees until after payment of the judgment and costs, it would seem that no good reason can be given for permitting the litigation to be opened up afresh, to allow evidence to be introduced to enable the court to fix the amount of an attorney's fee, and enter up another judgment in the case.

The judgment of the district court is AFFIRMED.