PAULINE FISHER, Administratrix of the Estate of WILLIAM A. FISHER, Deceased, v. THE BURLINGTON, CEDAR RAPIDS & NORTHERN RAILWAY COMPANY, Appellant.

**Retaxation of Costs.** Where a party makes a motion to retax the costs in the trial court, it is not governed by Code, 1873. section 3154. relating to proceedings to reverse, vacate, or modify judgments in the court in which rendered. but by section 2944, relating to retaxing costs, as the claim is not that the judgment should be reversed or modified, but that.the costs were improperly taxed by the clerk, and this applies to costs adjudged upon dismissal of an action by plaintiff.

TIME FOR APPLICATION. A motion to retax costs under Code 1873, section 2944, may be made at any time before laches or equitable limitation has intervened. since no limit has been placed by statute upon the time for such a motion

RULE APPLIED. A motion to retax costs, made the second term of court after judgment was rendered, does not show laches.

**Witness:** FEES. Witnesses who are not subpœnaed or sworn are not entitled to fees for attendance, under the statute, although they attend at the request of one of the parties.

SAME. Witnesses who are not subpœnaed are not entitled to mileage under the statute, although they testify in a case.

*Appeal from Linn District Court.*—HON. WILLIAM G. THOMPSON, Judge.

MONDAY, JANUARY 31, 1898.

APPEAL from an order sustaining plaintiff's motion to retax costs.—*Modified,*

*S. K. Tracy* and *J. C. Leonard* for appellant.

*Rickel & Crocker, Clemens & Steele,* and *Jamison & Smythe* for appellee.

DEEMER, C. J.—Plaintiff's action was to recover damages from defendant for negligence resulting in the death of William H. Fisher. The case was tried to a jury, and at the conclusion of plaintiff's evidence the defendant moved for a verdict. While this motion was pending, plaintiff dismissed her cause of action without prejudice, and on the fourth day of February, 1896, the lower court rendered judgment against the plaintiff for the sum of two hundred and ninety-three dollars and fifty-five cents taxed as costs, and ordered execution to issue. On the ninth day of September, 1896, and after one term of court had intervened, plaintiff filed a motion to retax all costs of defendant's witnesses, for the reason that none of them were subpoenaed or used upon the trial of the case. The motion was sustained, and the appeal is from this ruling. It appears from the record that none of the defendant's witnesses whose fees and mileage were taxed were subpoenaed; and that none of them were sworn or used upon the trial, save five, who were used by plaintiff in attempting to make out her case. It also appears that they were each and all in attendance at the request of the defendant, but were not used upon the trial.

Appellant's first contention is that the original judgment is a finality, and that it cannot be modified except under the provisions of section 3154, Code 1873, relating to proceedings to reverse, vacate or modify judgments in the courts in which rendered. Were this an application to set aside, reverse, or modify the judgment,—if, for example, it was to set aside the judgment for costs,—there would

be much force in the contention. Such is not the motion, however. The judgment in a case is rendered, or ordered, by the court. Primarily, it has nothing to do with the taxation of costs. This duty devolves upon the clerk. Code 1873, section 2942. Section 2944 of the same Code is as follows: "Any person aggrieved by the taxation of a bill of costs may, upon application, have the same retaxed  *  *  *  by the court  *  *  *  in which the proceeding was had, and in such retaxation all errors shall be corrected." The motion was bottomed upon this section, and was, as we think, in proper form. The plaintiff is not seeking a reversal or modification of the judgment. His claim is that the costs were improperly taxed by the clerk. The distinction here attempted to be drawn is quite fully pointed out in the case of *Fairburn v. Dana*, 68 Iowa, 231. See, also, *Allen v. Seward*, 86 Iowa, 718. Manifestly, section 3154 has no application.

II.    Claim is also made that the motion was not filed in time. The judgment was rendered at the January term of the district court, and the motion was not filed until the second term thereafter. The contention is based upon the proposition that this is a motion or petition to modify a judgment, and that it should have been made on the second day of the term immediately succeeding the one at which the judgment was rendered, as provided in section 3156 of the Code of 1873. We have already determined that this is not such a motion or petition, and we find, upon an examination of the statutes, that no time has been fixed within which a motion to retax shall be filed. As the legislature has not seen fit to place a limit upon the time within which such motions shall be filed, nothing but the doctrine of laches or equitable limitation seems to apply. No "hard and fast rule" should therefore be adopted, but each case should be determined upon its own peculiar facts. In the case of *Solomon v.*

*McLennan*, 81 Iowa, 406, we held that a petition and
motion to tax attorney's fees in an attachment suit,
filed more than a year after the judgment was rendered,
and after it had been paid, should not be allowed. In
that case it was said, however, that the clerk could not,
on his own motion, have taxed the fees, and that they
were not taxed because of oversight of the person who
was entitled to them. There is no showing of laches in
this case, and no equitable reason is presented as a
ground for denying the motion.

III.   As none of defendant's witnesses were sub-
poenaed, they were clearly not entitled to mileage.
*State v. Willis*, 79 Iowa, 326. It also appears that none
of them, except the five already referred to, were
sworn or used upon the trial. Are these wit-
nesses entitled to fees for attendance? We have
held that when a witness is called and sworn, and has
thus placed himself under and subject to the order and
direction of the court, he is entitled to fees for attend-
ance. *State v. Willis, supra.* The witnesses in this case
were not sworn, and did not subject themselves to the
order of the court. They were not required to attend,
and could have departed at pleasure. They were
present solely at the defendant's request, and defend-
ant alone is responsible to them. The statute (Code
1873, section 3814) fixes the compensation of witnesses
at so much for each day's attendance upon a court of
record. Generally speaking, a witness is one who
gives evidence in a court. A person who is neither
subpoenaed nor called nor used upon a trial is not a
witness, even though he be present by request of one of
the parties. If one who has not been subpoenaed can-
not have mileage taxed, surely such a one, who has
neither been called nor sworn, is not entitled to fees for
attendance. Five of the witnesses whose fees are asked
to be re-taxed were used by the plaintiff, and their fees
for attendance were paid by defendant. Plaintiff should

be taxed with these fees, amounting to thirty-seven dol-
lars and fifty cents, and in all other respects the order
should be affirmed.—MODIFIED AND AFFIRMED.