G. E. CLIMIE, Appellee, v. APPANOOSE COUNTY, Appellant.

**Criminal costs:** LIABILITY OF COUNTY. A county is liable for the payment of costs in a criminal case as taxed by the court, and a board of supervisors has no power to review any question of costs in such proceedings.

**Witness fees:** NONRESIDENT. A witness in a criminal prosecution residing in another state, who accepts service of a subpœna and attends the trial, may recover from the county his mileage for the entire distance traveled where the same has been taxed as costs.

*Appeal from Appanoose District Court.—*HON. M. A. ROBERTS, Judge.

FRIDAY, OCTOBER 21, 1904.

PLAINTIFF in this action had been indicted in the district court of Appanoose county, charged with the crime of obtaining money by false pretence. Before trial he presented to the presiding judge of said court an application in writing for an order authorizing witnesses to be subpœnaed in his behalf at the expense of the county. Therein was set forth the fact that one R. R. Smith, formerly a resident of said county and now a resident of the State of California, was a material witness, and stating, in substance, what facts were expected to be established by his testimony. An order directing a subpœna to issue was thereupon indorsed upon the back of said application, and a subpœna was issued and forwarded by mail to Smith. He received the

same, and accepted service by writing on the back thereof,. and in response thereto came to Iowa, and was ·present and gave his testimony on the trial. Such trial resulted in an acquittal. Said Smith claimed his fees as a witness, and there was taxed by the clerk in his favor mileage from his home in California and 10 days' attendance. Climie paid to Smith the amount of fees and mileage so taxed, and took an assignment of his claim therefor. Following the trial of said case, the clerk of the court certified the costs thereof, including the amount of fees and mileage taxed in favor of Smith, to the board of supervisors of said county, and plaintiff also presented his claim therefor to the board. Of the amount claimed the board allowed the sum of $16, and rejected the balance. This action is brought to recover the full amount claimed by Smith and as taxed and certified by the clerk. Trial was had to the court without a jury, and there was judgment in favor of plaintiff for the amount claimed by him. Defendant appeals.— *Affirmed.*

*Fee & Fee,* for appellant.

*C. F. Howell* and *C. H. Elgin,* for appellee.

BISHOP, J.— It is provided by statute that witnesses attending upon a trial in the district court shall receive for each day's attendance $1.25, and mileage at the rate of five cents per mile for each mile actually traveled. If the trial attended be a criminal one, and the defendant is adjudged not guilty, the fees of witnesses shall be paid by the county upon a certificate of the clerk showing the amount of the services to which they are entitled. Code, section 4661. By a later enactment of the General Assembly — now included in Code, section 5492 — and to prevent abuses, it was provided that witnesses for the defense shall be subpoenaed at the expense of the county only upon the order of the court or judge thereof before which the case is pending, made upon a satisfactory showing that such witnesses

are material and necessary for the defense. No question is made in this case but that the county is liable for the amount claimed by Smith for his attendance and for his mileage from the State line to the place of trial.

The contention of the appellant is that the acceptance of service of the subpœna did not become operative until the witness came within the State, and that in no event can it be made liable for the mileage previously trav-

1. CRIMINAL COSTS: liability of county. eled. As applied to the facts in this case, the contention thus made cannot be entertained, and for two reasons, either of which is sufficient. To begin with, no power, discretionary or otherwise, is confided to the board of supervisors by any provision of law to sit in review upon the proceedings had before the courts, or to pass judicially upon any question of costs accruing in connection with such proceedings. The statute provides for the taxation of court costs by the clerk thereof, and in cases of dispute or question it is for the court to say what costs, and in what amount, shall be taxed in any case pending before it. Costs once taxed become a finality, unless set aside on a motion to retax or as the result of an appeal. In the absence of a motion to retax, or such having been made and overruled, and no appeal having been taken, and a proper certification being had, nothing remains for the board but to order payment of the fees allowed. Upon its refusal so to do suit may be brought to recover. Any other conclusion would lead to most absurd results. *Cassidy v. County,* 58 Iowa, 125; *Wheelock v. County,* 75 Iowa, 147.

In the next place, while it is true that the attendance of a witness being in another State cannot be coerced by subpœna, yet, if he accepts service, and attend in response

2. WITNESS FEES: non-resident. to a subpœna, it does not follow that mileage may not, in any event, be allowed to him for the distance actually traveled, both without as well as within the State. In the case of *Westfall v. County,* 62 Iowa, 427, it appeared that a witness for the prosecution in a criminal

case pending in this State accepted service of a subpœna in Pennsylvania, and in response thereto he came to this State, and testified upon the trial of the case. Under the Constitution the personal presence of the witness was necessary, and in view of this it was held that the witness was entitled to be compensated under the statute allowing mileage to witnesses for the entire distance traveled by him to reach the place of trial. In the recent case of *Casley v. Mitchell,* 121 Iowa, 96, we held that, where the personal presence of a witness was necessary, as for the purpose of identification and the like, the mileage actually traveled by such witness was properly taxable as costs, and this irrespective of whether he came from within or without the State. It can make no difference that such was a civil case. Indeed, the reasoning upon which the holding is made to rest applies to a criminal prosecution, where life or liberty is in jeopardy, with even greater force than it does to a civil proceeding involving questions of property rights only. And controlling importance cannot be attached to the fact that in a criminal case the costs are to be paid by the county instead of by a private party. Now, in the instant case it appears that the showing made to the court sitting for the trial of the criminal case wherein this plaintiff was defendant, was such as to warrant the conclusion that the witness Smith was wanted for identification purposes, and that his testimony was material for the defendant. With full knowledge that such witness resided in the State of California, the court, in its discretion, ordered that a subpœna issue for such witness. That Smith, upon receipt of the subpœna addressed to him, was under no legal obligation to obey the mandate thereof, is true, as a matter of course. The force of a subpœna, as such, issued out of a state court, is limited at best to the territorial limits of such state. But it may be considered as a writing, authenticated by the seal of the court, advising the witness that his personal presence is regarded by the court as essential to the administration of

justice in this State, and requesting that he attend and testify as a witness. If he accept and attend, and fees are taxed in his favor, which in turn are properly certified for payment, and all without objection, we see no reason for withholding payment thereof.

In what we have said foregoing we are not to be considered as holding that, had there been a motion to retax the costs, the court might not properly have refused to allow the full amount of mileage as claimed. That question is not in this case. See, however, *Perry v. Co-operative Creamery Co.,* 125 Iowa, p. 415.— *Affirmed.*