[No. 8403.]

UNION PACIFIC RAILROAD COMPANY V. BROWER ET AL.

1.  PLEADING—*Amendment—New Cause of Action.*   Action against a railway company for causing the death of plaintiff's live stock, by the negligent operation of one of its locomotives.   An amended count attributed the death of the animals to negligence of the company in constructing the fence along its right of way, or in maintaining it.   *Held,* not a new cause of action. (581.)

2.  NEGLIGENCE—*Must be Proven.*   Negligence is not to be presumed or deduced by conjecture from the mere fact of the injury.   Action against a railway company for causing the death of plaintiff's live stock, upon its track, the complaint alleging that in fencing its right of way defendant had left openings, or negligently permitted such openings to afterwards occur; that the animals got upon the track, through such openings, and proceeded along it to a bridge, to which the fences, upon each side, converged, so that the animals there collecting, were miserably killed.   But there was no evidence as to how the animals got upon the track, or that the fences or the bridge had anything to do with their movements, or where they came upon

the track, or where they were when the train came in sight of them, nor but that they were killed in attempting to cross the track, immediately in front of the moving train. *Held* therefore, that inasmuch as to maintain the action it must be assumed that the engineer controlling the train was negligent in failing to check the speed thereof, when he might have done so, a verdict for the plaintiff must be set aside. (582, 583.)

3. WITNESS FEES—*Mileage, from beyond the state* is not allowed. (584.)

4. —— *Witness Must be Subpoenaed.* Fees are not to be taxed for the attendance of a witness unless he comes in obedience to his subpoena (Rev. Stat. sec. 2543). (584.)

*Error to Elbert District Court.* Hon. W. S. MORRIS, Judge.

Messrs. HUGHES & DORSEY, and Mr. JOHN Q. DIER, for plaintiff in error.

Messrs. ALLEN & WEBSTER, for defendants in error.

GABBERT, C. J., delivered the opinion of the court.

Action by defendants in error, as plaintiffs, against plaintiff in error, as defendant, to recover on six causes of action, for the value of cattle alleged to have been killed through the negligence of defendant. Verdict for plaintiffs in the sum of $595.00, upon which judgment was rendered. Defendant brings the case to this court on error.

In the original and amended complaints it was charged in substance, in the causes of action upon which a verdict was rendered, that on dates named cattle of plaintiffs of a value designated, strayed upon the right of way and track of defendant, and were killed by the negligence of the servants of defendant in operating its locomotives and cars. By the second amended complaint it was charged in substance, either that defendant company, in fencing its right of way, carelessly and negligently left openings, or negligently failed to keep the fence in repair, whereby openings occurred, through which cattle could pass, and after getting on the right of way could not depart, except at the point of ingress, and were thereby entrapped thereon; that cattle of plaintiffs

casually strayed through one of these openings onto the right of way, and being unable to escape therefrom, passed along the track until stopped by a bridge, and while on the track were killed by one of the locomotives of the defendant.

The defendant moved to strike the second amended complaint upon the ground that it was a departure from the causes of action originally set forth, which was overruled. This ruling is the first question presented for our consideration. The plaintiffs originally alleged that certain of their cattle had been killed by the negligence of the defendant in the manner particularly specified. By their final complaint they seek to recover the value of the same cattle, which they allege were killed by the negligence of the defendant, but in a manner different from that originally alleged. This did not change either the character or cause of action. As long as the plaintiff adheres to the injury originally declared upon in an action based upon negligence, an alteration of the modes in which the defendant caused the injury by negligence is not an introduction of a new cause of action. *Kent Mfg. Co. v. Zimmerman,* 48 Colo. 388, 110 Pac. 187; *Tanner v. Harper,* 32 Colo. 156, 75 Pac. 404; 1 Enc. of Pl. and Pr. 564. The motion to strike was properly denied.

A general demurrer was interposed to the second amended complaint, which was overruled. At the conclusion of the testimony the defendant moved for non-suit and a directed verdict, upon the ground that the testimony was insufficient to establish any liability against it, which was denied. These rulings are assigned as error and will be considered together.

The complaint in each cause of action, though not entirely clear, appears to have been framed upon the theory that defendant in fencing its right of way on both sides of the track left openings where the fence crossed gulches, or failed to keep it in repair, which caused openings through which the cattle of plaintiffs strayed on defendant's right

of way; that the track passed over several bridges; that as the fence on either side approached a bridge it converged so as to join on the ends of bridges; that an animal moving along the right of way would come to the track at an open bridge which it could not cross, and that the several animals killed were trapped in this manner and run over and killed by a locomotive of defendant passing along its track. From the testimony it appears that openings existed in the fence along the right of way as alleged in the complaint; that the fence on either side converged and connected with the ends of the bridges as charged; that plaintiffs' cattle strayed on the right of way through the openings in the fence, and were killed on or near the several bridges mentioned. It is conceded that defendant was not under any obligation to fence its right of way, but having done so, it is claimed on behalf of plaintiffs that it was required to so construct its fence, or keep it in such repair, as would prevent cattle from gaining access to the right of way, and as the fence converged at each bridge and connected with its ends so that cattle of plaintiffs inside of the fence passing along the right of way would necessarily reach the track and bridges, and were there killed, negligence is alleged and proven. There was no eye witness to the killing. There is no allegation or proof that any of the cattle were in real or apparent danger, at any time, until struck by a locomotive. There is no evidence that the fence or bridges had anything to do with their movements, in going upon the track or bridges. There is nothing, either in the complaint or proof, to indicate where they were when the trains which killed them came in sight, or when they came upon the track. They may have been on the right of way near the several bridges, and attempted to cross the track immediately in front of an engine. The cattle could have been near or upon the track, or in close proximity to the bridges, just as they probably were, if the fence had not been constructed. So that in order to sustain the verdict, we would have to assume that when the re-

spective trains which killed them approached, they were entangled in the bridges, or it appeared they might attempt to cross the track in front of the engine, and that the engineers were guilty of negligence in failing to check the speed of their trains, and thus avoid killing them. A verdict based upon conjecture and inference, or upon the bare fact of killing, cannot be upheld. *Chicago, B. & Q. R. R. Co. v. Church,* 49 Colo. 582, 114 Pac. 299; *Burlington & M. R. R. Co. v. Campbell,* 20 Colo. App. 360, 78 Pac. 1072.

Counsel for plaintiffs rely upon *D. & R. G. Co. v. Robinson,* 6 Colo. App. 432, 40 Pac. 840, where conditions similar to the fence and bridges in the case at bar were mentioned as a trap. That case held this was a proper subject of inquiry if the want of outlet was the cause of an animal's destruction. Such is the construction given that case in *C. & S. Ry. Co. v. Beeson,* 19 Colo. App. 241, 74 Pac. 345. If an animal was fleeing from an approaching train, the fact that it might become entangled in an open bridge upon which the track was maintained, would be material to consider in determining whether the engineer exercised due care in preventing it being injured when so caught. But merely because an animal may have been killed by a locomotive of the defendant on or near such a bridge does not establish negligence in the absence of proof regarding the manner the locomotive which killed it was operated. The animals were not killed by the bridges but by locomotives, and there is no proof that the several engineers operating them did not exercise due care to prevent collisions with the cattle. So that even if the maintenance of the fence and its connection with the bridges in the manner charged and proven might in a particular case give rise to a cause of action, yet unless the injury complained of is traceable thereto as a cause, it is immaterial what degree of negligence the conditions thus brought about might constitute when it does not appear that such negligence was the proximate cause of the killing of the cattle. No liability attaches on account of negligence

. unless damage results from it. *D. & R. G. Co. v. Dunn*, 46 Colo. 150, 103 Pac. 387; *C. & S. Ry. Co. v. Beeson, supra.*

In addition to the causes of action we have considered, plaintiffs declared upon two others, designated the eighth and ninth, which at the conclusion of the testimony they voluntarily dismissed. To establish its defense to these causes the defendant introduced the testimony of three witnesses, one of whom resided at Kansas City and the others in Kansas. These witnesses attended at the request of defendant. Each filed an affidavit claiming attendance and mileage fees. The court allowed them for attendance and mileage from the point on the Colorado line, where the railroad over which they traveled to reach the place of trial, crossed that line. Defendant claims that the witnesses should have been allowed mileage from their respective places of residence. The plaintiffs have assigned cross error on the allowance of mileage. Fees of witnesses either for attendance or mileage are purely statutory. Section 2543, Revised Statutes, 1908, provides the mileage to which a witness is entitled in going from his place of residence to the place named in the subpoena. This, of course, refers to witnesses subpoenaed within the state. There is no provision allowing a witness mileage from his residence outside of the state. Mileage is allowed a witness when subpoenaed because in obedience to the command of the court he has incurred expense in traveling to the place named in the subpoena. But when he is not under any obligation to attend a trial, the expense he incurs in traveling is voluntary, and he is not entitled to mileage. In other words, it is clearly not the purpose of the law to compensate a witness for the expense of travel, unless incurred in obedience to the command of the court, and hence, it follows that a witness cannot claim mileage unless he has been subpoenaed. Cases in point are: *State v. Willis*, 79 Iowa 326, 44 N. W. 699; *Stern v. Herren*, 102 N. C. 516, 8 S. E. 221; *Fish v. Farwell*, 33 Ill. App. 242; *Fisher v. Burlington C. R. & N. Ry.*

Co., 104 Iowa 588, 73 N. W. 1070; State v. Wilder, 95 S. W. (Mo.) 396; Buckman v. Mo., K. & T. Ry. Co., 196 Mo. 418, 98 S. W. 820. The court erred in allowing mileage, and the cross error of the plaintiffs is sustained.

Several other questions are urged by counsel for the railroad company which it is not necessary to consider.

The judgment of the District Court on the six causes of action is reversed and the cause remanded for a new trial, and the taxation of costs for mileage is vacated.

*Judgment Reversed.*

GARRIGUES, J., and SCOTT, J., concur.