[Civ. No. 5422.    First Appellate District, Division One.—November 9, 1925.]

## HARRY WALKER, Petitioner, v. THOMAS F. BOYLE, as Auditor, etc., Respondent.

[1] CRIMINAL LAW—ATTENDANCE BY WITNESS FROM OUTSIDE COUNTY —ABSENCE OF SUBPOENA OR UNDERTAKING—PAYMENT OF EXPENSES—CONSTRUCTION OF SECTION 1329, PENAL CODE.—Section 1329 of the Penal Code does not grant the court authority to allow the payment of reasonable and necessary expenses of a witness in a criminal case, who comes voluntarily from another state and does not attend before the court "upon a subpoena or in pursuance of an undertaking." .

[2] ID. — VOLUNTARY APPEARANCE FROM OTHER STATE — REIMBURSEMENT FOR EXPENSES—COUNTY CHARGE—METHOD FOR PAYMENT.— Under subsection 2 of section 4307 of the Political Code a witness in a criminal case, who resides in another state and is beyond the process of subpoena issued by a court in this state, but who voluntarily and in good faith comes from said other state, may be reimbursed for the reasonable and necessary expenses incurred by him in attending as such witness, provided the method prescribed by law for the payment of those expenses be followed. .

---

(1) 36 **Cyc.**, p. 1128, n. 58; 40 **Cyc.**, p. 2188, n. 47 New.    (2) 40 **Cyc.**, p. 2188, n. 47 New.

PROCEEDING in Mandamus to compel the payment of the expenses incurred by petitioner as a witness in a criminal case. Peremptory writ denied.

The facts are stated in the opinion of the court.

---

1.   See 27 **Cal. Jur.** 189; 28 R. C. L. 663.
2.   See 27 **Cal. Jur.** 189.

Louis Ferrari and J. J. Posner for Petitioner.

Edward F. Moran for Respondent.

KNIGHT, J.—This is a proceeding in *mandamus* to compel the respondent, Thomas F. Boyle, as auditor of the city and county of San Francisco, to draw his warrant upon the treasury of said city and county, pursuant to an order of court made for the payment of expenses necessarily and reasonably incurred by petitioner as a witness on behalf of the prosecution in a criminal action heard and determined in the superior court of said city and county.

It appears that the defendant in said criminal action, while in the employ of a bank in San Francisco, embezzled certain American Express Company's Travelers' checks which later he converted into cash in New York City. The testimony of the petitioner herein, Harry Walker, who cashed said checks in the city of New York became indispensable at the trial of said action in order that the defendant might be identified as being the person who presented said checks for payment. The importance of having said witness present to testify at the trial was brought to the attention of the court in which said action was pending by the assistant district attorney and the bank's attorney, the latter being associated with the district attorney in the prosecution of said action. In response the judge of said court directed that said witness be produced at said trial. The attorney for the bank then communicated with Walker, requested him to proceed to San Francisco and represented to him that his traveling and other necessary expenses as a witness would be paid in said action. Walker complied with said request, came to San Francisco, and after testifying in said action, presented a claim for expenses in the total sum of $389.68. The court thereupon made and signed the following order: "In this cause, it appearing to the Court that Harry Walker has come into this City and County from New York, State of New York by virute of a Subpoena duly and legally issued by said Court and duly and legally served upon him, in the above entitled proceeding, and has attended before this Court as a witness on behalf of the Prosecution in the above entitled proceeding, now agreeably to the provisions of Section 1329 of the Penal Code of this State, it is ordered

that Thomas F. Boyle, the Auditor of the City and County
of San Francisco, draw his warrant upon John McDougald,
the Treasurer of the City and County of San Francisco, in
favor of said Harry Walker for the sum of $398.68 necessary
expenses incurred by him in attending as such witness.''
It further appears that said bank advanced to petitioner the
full amount of his expenses, and obtained an assignment of
his claim therefor. Upon refusal of respondent to draw his
warrant for the amount of such expenses, as directed in said
court order, this proceeding was commenced.

It is admitted that no subpoena was ever issued or served
upon petitioner, and also that no affidavit was made pursu-
ant to the provisions of section 1330 of the Penal Code to
require the attendance of said witness. Said section 1330 in
this respect provides that ''no person is obliged to attend as
a witness before a court . . . out of the county in which the
witness resides . . . unless the judge of the court in which
the offense is triable . . . or a judge of the superior court,
upon affidavit of the district attorney or prosecutor, . . .
stating he believes the evidence of the witness is material,
and his attendance at the . . . trial necessary, shall endorse
on the subpoena an order for the attendance of the witness.''

The claim of petitioner for expenses is based primarily
upon the following code section: ''When a person attends
before a magistrate, grand jury, or court, as a witness in a
criminal case, upon a subpoena or in pursuance of an under-
taking, and it appears that he has come from a place out-
side of the county, or that he is poor and unable to pay the
expenses of such attendance, the court, at its discretion, if
the attendance of the witness be upon a trial, by an order
upon its minutes, or, in any other case, the judge, at his
discretion, by a written order, may direct the county auditor
to draw his warrant upon the county treasurer in favor of
witness for a reasonable sum, to be specified in the order, for
the necessary expenses of the witness'' (Pen. Code, sec.
1329). In connection with that section might be read a por-
tion of section 4300g of the Political Code, although prob-
ably not material because that section has not been cited
by counsel on either side. It is as follows: ''Witness' fees,
except as in this title otherwise provided: For each day's
actual attendance, when legally required to attend upon the
superior court, per day, two dollars in civil cases and one

dollar and fifty cents in criminal cases. Mileage actually traveled, one way only, per mile, ten cents; provided, however, that in criminal cases such per diem and mileage shall only be allowed upon a showing to the court, by the witness, that the same are necessary for the expenses of the witness in attending, and the court shall determine the necessity for the same, and may disallow any fees to a witness unnecessarily subpoenaed. . . . ''

[1] Petitioner contends that inasmuch as that portion of said section 1329 of the Penal Code which declares that the court may allow the payment of the reasonable and necessary expenses of a witness when ''it appears that he has come from a place outside of the county,'' a witness who has come from any point ''outside of the county''—whether from another county in the state, or from another state, or another country, or from across the seas—is entitled to an allowance for expenses, at the discretion of the court in which the action is tried. It will be noted, however, that at the beginning of said section a qualifying clause is employed which apparently constitutes the foundation for the exercise of the court's power to allow witness' expenses in the cases therein provided. It reads: ''*When a person attends before a magistrate, grand jury, or court,* as a witness in a criminal case, *upon a subpoena or in pursuance of an undertaking, and* it appears that he has come from a place outside of the county . . . '' the court, in its discretion, may make certain allowances for expenses. (Emphasis ours.) It will also be observed that said qualifying clause is used conjunctively and is so connected with the remainder of said section that it necessarily limits the operation of said section to those persons who attend as witnesses ''upon a subpoena or in pursuance of an undertaking.'' Applying said qualifying clause to the facts of the instant proceeding petitioner is clearly not entitled to an allowance for expenses for the reason that, although he came from outside of the county, he did not attend before the court ''upon a subpoena or in pursuance of an undertaking,'' having come voluntarily from the state of New York, wherein, it is conceded, the process of subpoena issued by a court in this state has no territorial force or effect. Therefore, unless the plain language of said qualifying clause is wholly ignored and the remainder of said section be given universal applica-

tion to all persons attending as witnesses, whether they attend in response to subpoenas or undertakings or otherwise, the contention of petitioner cannot be sustained. Of course, under well-settled rules of statutory construction we may not disregard any part of the code section. "A statute should always be so construed, if reasonably possible, to give each part thereof the meaning and effect which, from the act as a whole, appears to have been intended" (*In re Reineger*, 184 Cal. 97 [193 Pac. 81]; *Barber* v. *Galloway*, 195 Cal. 1 [231 Pac. 34]). We conclude, therefore, that the provisions of said section 1329 by which the court is granted authority to make allowances for expenses of witnesses apply only to such witnesses as the court may legally require to attend, and that since the case of petitioner does not fall within that class the provisions of said section are unavailing to him.

[2] Petitioner makes the further contention that inasmuch as a defendant in a criminal action is entitled to be confronted with the witnesses against him, it becomes a matter of public policy to encourage the attendance of the state's witnesses from foreign jurisdictions, when their testimony is essential to the enforcement of criminal laws; that, therefore, independent of statutory authority, and aside from the question of whether valid service of a subpoena may be made, if a person, in response to the request made by the court, voluntarily and in good faith, goes from a jurisdiction wherein the process of such court is ineffective to the place of trial, to testify for the prosecution, he is entitled to be compensated for the reasonable expenses incurred by him in so doing. In support of such contention petitioner cites the cases of *Climie* v. *Appanoose Co.*, 125 Iowa, 292 [101 N. W. 98]; *Westfall* v. *Madison Co.*, 62 Iowa, 427 [17 N. W. 614]; *Dutcher* v. *Justice*, 38 Ga. 214; *Albany* v. *Derby*, 30 Vt. 718. The wisdom of the policy declared in the authorities just cited cannot be denied, but the legislature of this state has provided a law to meet just such emergencies by the enactment of subdivision 2 of section 4307 of the Political Code which is as follows: "County charges. The following are county charges: 1. Charges incurred against the county by virtue of any of the provisions of this act. 2. The traveling and other personal expenses of the district attorney, incurred in criminal cases arising in the county,

and in civil actions and proceedings in which the county is interested, *and all other expenses necessarily incurred by him in the detection of crime and prosecution of criminal cases,* and in civil actions and proceedings and all other matters in which the county is interested.'' (Emphasis ours.)

It would therefore seem clear that petitioner may not be denied reimbursement for the reasonable and necessary expenses incurred by him in attending as a witness in said criminal action, provided the method prescribed by law for the payment of those expenses be followed.

In view of the conclusion reached upon the main questions involved herein, it is not necessary to discuss or decide the other points urged by respondent in opposition to the granting of the petition herein. The alternative writ heretofore issued is discharged and the peremptory writ prayed for is denied.

Tyler, P. J., and Cashin, J., concurred.

An application by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 7, 1926.