## VOLNEY BALL V. DAVID HARDESTY.

1. EXPERT TESTIMONY, *Competent for What Purpose.* Expert testimony is competent to show what effect the erection of a mill-dam will have upon the channel of a stream above such dam, and is also competent to show whether such dam backs the water up so as to affect the operation of a mill situated above the dam in the stream.

2. —————— *Erroneous Instruction.* Where such expert testimony is admitted, and the court thereon instructs the jury as follows: "It is your own opinion upon the matter, and the conclusions you draw from the facts proven, that should determine your verdict, and not what any other person says or thinks"— *held,* that such instruction is erroneous and misleading, and in effect excludes from the consideration of the jury said expert testimony.

*Error from Lincoln District Court.*

ACTION by *Hardesty* against *Ball,* to recover damages for the erection and maintenance of a dam in the Saline river, and to enjoin the maintenance thereof at such a height as to back water upon and against the plaintiff's mill. Trial by a jury, at the adjourned September Term, 1885, and judgment for the plaintiff for $40 damages, and the injunction disallowed. The defendant brings the case here. The opinion states the facts.

*A. H. Ellis,* and *R. F. Thompson,* for plaintiff in error.

*Garver & Bond,* and *A. G. Hardesty,* for defendant in error.

Opinion by CLOGSTON, C.: This action was brought to recover damages for the erection of a mill-dam in the Saline river at a point some six miles below the mill of the plaintiff, and to enjoin its maintenance at such a height as to cause the water to back up upon the mill of the plaintiff. Plaintiff alleged that he was and is the owner of a mill on the Saline river, and that in 1883 the defendant erected a mill on said stream some six miles below plaintiff's mill, and raised the dam to such a height that it caused the water in said stream to back up and upon the mill and wheel of his mill, to his

damage in the sum of one thousand dollars. The defendant answered by a general denial. The defendant now complains of many rulings of the trial court, and of its instructions to the jury; but as this decision on the instructions will require a reversal of the action, we shall not consider the other rulings and errors alleged by the plaintiff in error. At the trial the plaintiff produced H. G. Johnston and F. M. Rossiter, and the defendant produced J. L. Reese and C. R. Underwood, who were presented and examined as expert witnesses, and as such witnesses they gave their observations of the stream between the two dams; their measurements, and the appearance of the surface of the water; its velocity; the appearance of back-water, and the cause of the same, and the level between the two dams, and the effect of defendant's dam upon the water just below the plaintiff's mill. The court then permitted them to give their opinions as to whether or not the erection of the dam by the defendant caused the water to back so as to obstruct the mill of the plaintiff, and each of these witnesses except Johnston, gave it as his opinion that the erection of said dam did not have that effect. These witnesses were shown to be competent to testify as experts. Underwood was a practical engineer and surveyor, and had been for many years engaged in operating a water mill; was familiar with the Saline river; had owned and operated a mill upon said stream, and was well acquainted with the mills of the plaintiff and defendant. Reese was a practical miller, who for a number of years had operated a water mill upon the Saline river within a few miles of the plaintiff's mill, and who, both before and after the construction of the defendant's mill, was well acquainted with the said river. Rossiter was shown to be an experienced engineer, and had had experience in the construction of water-ways. Upon this testimony so given the court gave the jury the following instruction:

"The court has permitted various witnesses to give their opinions as to whether or not there was back-water near plaintiff's mill. The jury will give such testimony such weight as they think it entitled to. You will consider

whether such opinions were justified by the facts upon which they were based; what opportunities they had to be informed of the facts, and how competent they were to form correct opinions upon that question. If you think the reason any-one has given for his opinion is not good, you should not take it. And with reference to all such testimony, I say, you are not bound to take the opinion of any witness upon the question of back-water. It is your own opinion upon the matter, and the conclusion you draw from the facts proven, that should determine your verdict, and not what any other person says or thinks."

If such evidence is competent in cases of this kind, then the above instruction was erroneous. The court said, "It is your own opinion upon the matter, and the conclusion you draw from the facts proven, that should determine your verdict, and not what any other person says or thinks." If the jury were to determine from the facts proven, and not from what any person said or thought, they would have to exclude the opinion of these witnesses. It was competent for the jury in connection with the facts to consider the testimony of these experts; they were not obliged to take the opinion of any one or all of them; they were to weigh their testimony in the light of surrounding circumstances, as the testimony of the other witnesses, and when so weighed to give it such consideration as in their judgment it was entitled to. The plaintiff, how-ever, insists that expert testimony was not competent, and that therefore the instruction of the court was proper. The fact to be determined was, whether or not by the erection of the dam by the defendant, back-water was caused at the mill of the plaintiff so as to obstruct his wheel. The evidence discloses that a short distance below the plaintiff's mill there had been a land-slide, which had narrowed the channel of the stream; and one of the questions to be determined was what effect this narrowing of the channel would have upon the water immediately above the land-slide and below the dam of the plaintiff; and for this purpose experts were called to give their opinions. We think this was competent; it was the testimony of persons having a peculiar knowledge, and who,

by their business and observation, had become better fitted to testify in relation thereto. Perhaps any person might be able to say what the appearance of the water was just below the mill, and that it appeared to be back-water; but without a careful study and examination of the stream, and a study of the currents, they would not be able to say what caused this apparent back-water. In *Grigsby v. Water Co.*, 40 Cal. 405, the court said :

"The testimony of Brown as an expert ought to have been admitted. No objection was made to his competency, and nothing is better established than the proposition that this kind of evidence is admissible as to the effect of obstructions in causing back-water. Ordinarily, it is true, witnesses testify only as to facts, leaving it to the jury to draw their conclusions; but upon matters of science, and questions requiring peculiar skill, an exception is made."

(See also *Hammond v. Woodman*, 41 Me. 178; *Walker v. The State*, 58 Ala. 393; *Blood v. Light*, 31 Cal. 115; *Clason v. City of Milwaukee*, 30 Wis. 316.)

The testimony of expert witnesses, this court has repeatedly held, must be considered like all other testimony; it must be tried by the same tests, and receive just such weight as the witness is entitled to, in connection with all the circumstances of the case. (See *A. T. & S. F. Rld. Co. v. Thul*, 32 Kas. 255; *Shellabarger v. Nafus*, 15 id. 547.) From these authorities it will clearly appear that the instruction of the court is erroneous.

It is recommended that the judgment of the court below be reversed.

By the Court: It is so ordered.

All the Justices concurring.