No. 8943.

NATIONAL FUEL COMPANY *v.* MCNULTY.

1. EVIDENCE—*Expert Testimony.* Action by one injured while driving a coal car in defendant's mine, the injury being attributed to the defective condition of the mine. *Held* that the opinions of one qualified to speak of the matter, as to whether the entry in which plaintiff was employed was a reasonably safe place, was properly received.

The true test as to the admissibility of expert testimony is not whether the matter in question is common or uncommon, nor whether many persons or few, have some knowledge of it, but whether the witness called as an expert has any peculiar knowledge or

experience which renders his opinion of aid to the court or jury in determining the question at issue.  The case of *Smuggler Union Company v. Broderick*, 25 Colo. 16, is not authority for the exclusion of expert testimony in the proper case.

2. TRIAL—*Fair Trial.*  Defendant cannot be heard to complain that plaintiff was permitted to examine witnesses as to a matter into which he himself was permitted to go at length.

*Error to Boulder District Court, Hon. Harry S. Class, Judge.*

Mr. RALPH HARTZELL, for plaintiff in error.

Messrs. RINN & ARCHIBALD, Messrs. REED & STEELE, Mr. JOHN CAMPBELL, Mr. HORACE N. HAWKINS, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

THIS is an action for damages on account of injuries sustained by plaintiff, Thomas McNulty, while employed in a coal mine operated by the defendant, The National Fuel Company.  Damages were awarded in the sum of $1,500.00, and the company, alleging error, brings the cause here for review.

Plaintiff was injured while working in the coal mine of the defendant as a mule driver, conveying coal cars from the mine rooms along an entry to the bottom of a shaft from which the coal was hauled to the surface.  The negligence complained of is that the entry was insufficiently lighted; that the grade thereof was too steep; that the wooden sand rails along the track on the curve where plaintiff was injured were inadequate to sufficiently check the speed of the car while rounding the curve; that the frame of a door through which the track passed, and which it is averred occasioned the injury, was built too close to the rails to permit of the safe passage of a loaded car; and that no warning of these extra hazards of his employment had been given.

It appears that McNulty was an experienced driver, and as such had been employed for some time in the mine, but

had never before hauled cars in the entry in question. According to his testimony, he was riding on the front end of a loaded car, down the entry, toward the shaft, when, on rounding the curve, near the doorway in question, the car tipped on account of excessive speed caused by the steep grade, and in endeavoring to restore it to proper position on the rails, he leaned to the high side of the car, and was struck by the frame of the door, thrown from the car and injured. There were no witnesses to the accident. Defendant presented in evidence a report made by an officer of the company shortly after the accident, which was alleged to have been taken down verbatim from the statement of plaintiff. That this was done is denied, but as the sharp conflict in testimony concerning this matter was settled by the jury, we need give the subject no further consideration.

The errors chiefly relied upon by defendant are the admission of certain testimony as expert evidence; and also the admission of evidence as to other accidents in the mine. One witness was permitted to testify over objection in relation to conditions in the mine at the time and place of the accident, and was asked an hypothetical question as to his opinion upon whether, under the conditions disclosed by the evidence, the entry was a reasonably safe place to work. However, at the time the objection was made to this line of testimony, the objection did not go to the admission of such testimony because it was expert testimony, but because the witness had not qualified as an expert. It is now contended that the question involved matters within the knowledge of the average man, and that the answers thereto were nothing more than opinion evidence. The witness was exhaustively questioned by counsel for both plaintiff and defendant, and upon his whole testimony it appears that he was fully competent to testify as an expert.

In support of the contention that plaintiff attempted to prove by his witness matters within the common observation of the average man, defendant cites *The Smuggler-*

*Union Mining Company v. Broderick,* 25 Colo. 16, 53 Pac. 169, 71 Am. St. 106. In that case it was held that after a witness testifies to what was the right, and what not the right, way to construct a stope in a metal mine, it is reversible error to permit other miners to state in answer to an hypothetical question, whether the locality in question was or was not a reasonably safe place in which to work. That decision is not an authority, however, for refusing admission to expert testimony in a proper case. In *U. S. Smelting Co. v. Parry,* 166 Fed. 407, 92 C. C. A. 159, 161, the court, in discussing the admission of expert testimony, said, at page 410:

"The matter next to be considered is the admission, over the defendant's objection, of testimony by a practical brick mason and builder of many years' experience to the effect that a scaffold constructed and supported like the one in question was not as safe as those usually provided in like situations, but was very dangerous, because the weight of a man upon the projecting end of one of the planks was sure to make it tip. The objection made was, not that the witness was not qualified as an expert, but that his opinion was elicited upon a matter which it was the province of the jury to decide, and which they were capable of deciding without such testimony. It is true that in trials by jury it is their province to determine the ultimate facts and that the general rule is that witnesses are permitted to testify to the primary facts within their knowledge, but not to their opinions. And it is also true that this has at times led to the statement that witnesses may not give their opinions upon the ultimate facts which the jury has to decide, because that would supplant their judgment and usurp their province. But such a statement is not to be taken literally. It but reflects the general rule, which is subject to important qualifications, and never was intended to close any reasonable avenue to the truth in the investigation of questions of fact. Besides, the tendency of modern decisions is not only to give as wide a scope as is reasonably possible

to the investigation of such questions, but also to accord to the trial judge a certain discretion in determining what testimony has a tendency to establish the ultimate facts; and to disturb his decisions admitting testimony of that character only when it plainly appears that the testimony had no legitimate bearing upon the questions at issue, and was calculated to prejudice the minds of the jurors. * * * The most important qualification of the general rule before stated is that which permits a witness possessed of special training, experience, or observation, in respect of the matter under investigation, to testify to his opinion when it will tend to aid the jury in reaching a correct con- clusion; the true test being, not the total dependence of the jury upon such testimony, but their inability to judge for themselves as well as is the witness. A reference to adjudicated cases will show the extent of this qualification, its application in actual practice, and the discretion ac- corded to the trial judge in that regard."

Continuing, the court cites with approval from the fol- lowing cases, among others: *Transportation Line v. Hope,* 95 U. S. 297, 24 L. Ed. 477; where a witness was permitted to give his opinion as to the safety of a Chesapeake Bay tugboat to tow three boats abreast in a high wind; *Gila River R. R. Co. v. Lyon,* 203 U. S. 465, 51 L. Ed. 276, 27 Sup. Ct. 145, where railway employees were allowed to give their opinion as to the safety of a buffer at the end of a spur track; *Western Coal & Mining Co. v. Berberich,* 94 Fed. 329, 36 C. C. A. 364, where a miner was permitted to testify as to his opinion of the safety of a room in a coal mine; *Chicago Great Western Ry. Co. v. Price,* 97 Fed. 423, 38 C. C. A. 239, where a locomotive engineer testified that a rough and uneven track had a tendency to loosen a coupling pin and so part a train. The opinion also quotes with approval from *Taylor v. Town of Monroe,* 43 Conn. 36, as follows:

"The true test of the admissibility of such testimony is not whether the subject-matter is common or uncommon,

or whether many persons or few have some knowledge of the matter; but it is whether the witnesses offered as experts have any peculiar knowledge or experience, not common to the world, which renders their opinions founded on such knowledge or experience any aid to the court or the jury in determining the questions at issue."

In *Henrietta Coal Company v. Campbell,* 211 Ill. 216, 71 N. E. 863, plaintiff, a mule driver in a coal mine, was crushed while driving a car along an entry of the mine. The court, in speaking to the question of the admissibility of certain testimony, said:

"Certain questions were asked expert miners as to whether, in their judgment, certain conditions, as to the roadway, rendered it safe or otherwise, and it is claimed this was error, as the subject was one within the common observation of all men. We can not say such was the case. The roadways and entries of a mine and their adaptability to the use intended are not matters of common knowledge and we perceive no error in admitting the character of evidence here objected to."

In *Wilson v. Harnette,* 32 Colo. 172, 75 Pac. 395, the general rule and the exception is set out as follows:

"The objection now made that it was a question for the determination of the jury, and not for the witnesses, is not well taken, for, although the general rule is, as stated by counsel: 'That no witness may give his opinion in answer to a question which invades the province of the jury to determine the ultimate facts in the case,' the exception that on questions of science or skill, or relating to some art or. trade, persons instructed therein by study or experience may give their opinion, is universally recognized. In the case of *McGonigle v. Kane,* 20 Colo. 292, the court held that the opinions of men who, by study, observation or experience, have become expert with respect to matters not of common knowledge, may be given in evidence to the jury."

From the foregoing it appears that the admission of the testimony of the witness as an expert coal miner was not

error. In any event, the fact, as already indicated, that no objection was made at the trial as to the admission of this testimony because it was opinion evidence, is an additional reason for not disturbing the verdict upon that ground.

Other assignments of error chiefly relied upon were the admission of testimony in relation to the general condition of the mine, the condition of the particular entry where the accident occurred, and the happening of other accidents in the mine. Although considerable latitude was permitted counsel for plaintiff in cross-examination as to these several matters, it appears that the subject had been gone into at great length, over objection, on direct examination by the defense, and the defendant, therefore, can not now be heard to complain, it having made opportunity for the same by its examination of witnesses on these subjects in chief. There are numerous other assignments of error, which, upon full examination, we deem without merit.

Judgment affirmed.

Decision *en banc.*

Mr. Justice Teller dissents.