# CHARLESTON.

TAYLOR v. CHESAPEAKE & OHIO RAILWAY COMPANY

Submitted September 3, 1919.   Decided September 9, 1919.

1. WATER AND WATER COURSES—*Defendant not Negligent not Liable for Flood Damages.*

   In the absence of some initial or intervening act of negligence on his part contributing thereto one is not liable for damages arising from an act of God, such as an unprecedented flood of waters of great force and volume caused by a cloud burst at the head waters of a creek or river. (p. 444).

2. SAME—*Riparian Owner Has Right to Unobstructed Flow of Stream.*

   A riparian proprietor has as a general rule the right to have the waters of a stream or water course pass his land in its natural flow unobstructed and to render anyone violating or interfering with such right liable to him in damages sustained thereby. (p. 444).

3. SAME—*Riparian Owner May Construct Barriers to Keep Flood Waters in Stream.*

   The only limitation on such right of a riparian owner is that any other riparian owner may erect barriers or dykes on his own land on the banks of such water course or on the interior of his land for the purpose of confining flood waters within the natural banks of the stream although such action may result in injury to another riparian owner. (p. 444).

4. SAME.

   But such limitation upon the general rule will not justify a riparian owner or other person in erecting or placing within the channel or banks of such stream any obstruction or barrier which will interfere with the free flow of the waters therein or cause the same to be backed up and to flood the land or property of a riparian owner along such stream. (p. 444).

Case Certified from Circuit Court, Kanawha County.

Action by W. O. Taylor against the Chesapeake & Ohio Railway Company.   Demurrer to declaration sustained, and questions presented, with circuit court's rulings thereon, certified for review.

*Reversed; demurrer overruled.*

84 W. Va.

*J. Howard Hundley* and *H. W. Houston,* for plaintiff.

*Fitzpatrick, Campbell, Brown & Davis,* and *C. W. Strickling,* for defendant.

Miller, President:

The sufficiency of plaintiff's declaration was challenged by defendant's demurrer. The court below sustained the demurrer, and has certified the questions presented with its rulings thereon to us for review.

The substantial averments are that the plaintiff was owner of certain real estate and personal property in the town of Eskdale, situated upon and near the banks of Cabin Creek, a non-navigable stream, and about one hundred yards above the trestles or bridges of the defendant company crossing said creek; that on or about August 9, 1916, there was a cloud burst on the head waters of said creek which caused a flood therein of unprecedented volume and violence to sweep down the valley and channel of said creek and through said town of Eskdale and Cane Fork and over and through said trestles or bridges of the defendant company, carrying large quantities of wreckage and debris before it; and that defendant through its agents, servants and employees acting within the scope of their employment and with full knowledge that the said flood was sweeping down the channel of said creek toward its said railroad trestles or bridges, and in disregard of its duty not to divert, impede or obstruct the natural flow of the waters in said creek so as to cause them to flow back, over and upon the plaintiff's property and damage it, and for the purpose and with the object of protecting its said trestles or bridges from being washed away and destroyed by said flood, wrongfully, negligently, knowingly and unlawfully ran or caused to be run and propelled a large railroad engine, owned and controlled by it, out upon one of said trestles or bridges just below the said town of Eskdale and just below plaintiff's property, and in the course and path way of the waters of said flood, and there to remain and to obstruct the natural flow of the waters in said creek, and causing the wreckage and debris then being conveyed down said stream, and thereby causing

the water to be damned and backed up stream and over and upon plaintiff's said property, whereby it was damaged and destroyed and whereby he sustained great damage and loss, amounting to ten thousand dollars.

It is conceded on both sides that the cloud burst causing the flood and the waters of unprecedented volume and force to flow down the creek as alleged constituted an act of God for which the defendant without some initial act of negligence on its part could not be rendered liable in damages to plaintiff. This is a well settled proposition of law in this State and elsewhere. *Williams* v. *Columbus Producing Company*, 80 W. Va. 683; *Atkinson* v. *Chesapeake & Ohio Ry. Co.*, 74 W. Va. 633.

But counsel for plaintiff contend that with knowledge on the part of defendant of the oncoming flood waters, the placing of its engine on the trestle or bridge in the middle of the creek and in the way of the stream so as to obstruct the natural flow of the water therein, which together with the wreckage and debris caught thereby caused the water to be dammed and backed up upon plaintiff's property as alleged, constituted an original act of negligence and invasion of his rights for which defendant is liable to account to him in damages.

The right of a riparian proprietor to have the waters of a stream or water course pass his land in its natural course unobstructed and to hold anyone violating this right liable for damages sustained thereby is not controverted. This proposition is well settled and recognized not only by the decisions of this court but elsewhere. *Roberts* v. *Martin*, 72 W. Va. 92; *Williams* v. *Columbus Producing Company*, and *Atkinson* v. *Chesapeake Ry. Co.*, supra; *Cline* v. *Norfolk & Western Railway Co.*, 69 W. Va. 436; *Cubbins* v. *Mississippi River Commission*, 241 U. S. 351.

The only limitation upon this right is that each riparian owner for his own protection may erect barriers or dykes so as to confine the flood waters within the natural banks of the stream, a right pertaining to all such proprietors, and when exercised no one has the right to complain of another, although the effect of the thing done may have caused some

injury to him or his property. *Cubbins* v. *Mississippi River Commission, supra,* page 364, and cases cited.

The contention of counsel for demurrant is that because of the accidental and extraordinary conditions existing at the time of the alleged injury, the defendant had the right to run its engine upon the trestle or bridge, not for the purpose of restraining the flood waters to the natural banks of the creek and thereby protecting its property, but to hold in place works constructed by it across the stream, though the result of that act was to obstruct the free flow of the waters in the channel, catching the wreckage and debris therein, and to dam up the water and throw it back upon plaintiff. We find no warrant for this position in *C. & O. Ry. Co.* v. *Mariwether,* 120 Va. 55, nor in *Cubbins* v. *Mississippi River Commission, supra,* nor in *Jackson* v. *United States,* 230 U. S. 1, cited and relied on by counsel. The only right recognized in these cases is the defensive one accorded owners to protect themselves against damages by defensive works constructed at or upon the borders of rivers or creeks or on the interior of their own lands against such extraordinary conditions. This is the limitation recognized by very ancient authority and in the federal and other cases cited. But they furnish no precedent for the position of counsel that the defendant might lawfully in the emergency existing cast the burden of loss on plaintiff in order to protect its own property. Section 6 of chapter 54 of the Code gives railroad companies the right to cross with their railroads along or upon any stream or water course, but specifically requires them to restore such stream or water course to its former state so as not to injure or impair its usefulness.

The case presented by the declaration, in our opinion, comes clearly within the principles of *Williams* v. *Columbus Producing Company,* and *Atkinson* v. *Chesapeake and Ohio Ry. Co., supra,* and *Neal* v. *Railroad Co.,* 47 W. Va. 316. The first of these cases cited originated or grew out of the same flood conditions on Cabin Creek involved in the case at bar. The only material difference in the facts is that in the Williams case the injury resulted from the building of an oil well derrick and oil tanks within the banks of the creek,

while in this case the alleged negligence consisted in placing a railroad engine across the stream in view of the approaching water to avoid damages to the trestles or bridges of the railroad company. The latter was as much an initial act of negligence as the other.

Counsel for defendant also rely on cases involving the blowing up of buildings to prevent the spread of fire; such as *Keller* v. *Corpus Christi,* 50 Tex. 614, and *Surrocco* v. *Geary,* 3 Cal. 69, all involving the exercise of the police power of the State. We think these cases have no application to the case at bar.

Our conclusion is to reverse the judgment below, to overrule the demurrer to the declaration and to remand the case to the circuit court.          *Reversed; demurrer overruled.*