No. 9240.

GREEN, ET AL. v. DAVIS, ET AL.

1. PLEADING—*Amendments—Liberality allowed.* Amendments are at all times to be liberally allowed, where not leading to surprise or injury.

2. *Changing cause of action.* Summons issued in ejectment. Complaint afterwards filed was held in the court below to be a bill in equity. On error this construction was rejected, *but held* that even conceding this to be the correct interpretation of the pleading, an amendment declaring in ejectment should have been allowed.

3. *Construction—The Prayer.* Not an essential part of the pleading. The cause of the action is not to be determined therefrom.

4. *Construed.* An action in support of an adverse claim, the complaint averring actual possession in plaintiff. Prayer for judgment that plaintiffs "are entitled to possession" etc. *Held* impossible to construe this as a prayer for decree quieting the title.

5. ACTION—*When commenced.* When summons is served.

*Department One.*

*Error to Clear Creek District Court, Hon. H. S. Class, Judge.*

Mr. J. W. B. SMITH and Mr. E. M. SABIN, for plaintiffs in error.

Mr. F. L. COLLOM, for defendants in error.

Burke, J.

PLAINTIFFS in error brought this action in support of their adverse claim filed against the application of defendants, and for the recovery of possession of the following de- Montana Mining District in Clear Creek County.

The summons is in ejectment and recites that: "The said action is brought to recover judgment against said defendants, and for the recovery of possession of the following described portion or parcel of the Junk Lode Mining Claim (describing same), for $100 damages and $50, money ex-

pended in support of adverse claim." The complaint recites: "That this suit was brought in support of said adverse claim." Paragraph 5 thereof reads as follows:

"That on, to-wit, the 13th day of May, 1915, and ever since said date, these plaintiffs were and still are the owners, and have been and now are in actual possession and occupation of the said Junk Lode Mining Claim, in said Montana Mining District, as aforesaid."

The prayer of the complaint reads, in part, as follows:

"Wherefore, plaintiffs pray for judgment against the defendants: That they are entitled to the possession of the said area in conflict between the said alleged Claims of the said defendants; that these plaintiffs are the owners of the said area in conflict, and that the defendants have no right, title or interest therein;"

Summons was issued and complaint filed on the same day. Motion to strike the complaint because of a variance between the complaint and summons (it being alleged in the motion that the cause of action stated in the complaint was one to quiet title and the cause of action stated in the summons was one in ejectment) was filed and overruled and leave granted plaintiffs to file an amended complaint. Thereafter an amended complaint was filed (which it is admitted is a complaint in ejectment and is in conformity with the summons) and defendants moved to strike this amended complaint from the files because it was an attempt to convert the action from a suit in equity to an action at law. This motion was sustained and judgment thereupon entered in favor of the defendants, and plaintiffs bring error.

Mr. Justice Burke delivered the opinion of the court.

The defendants maintain that to permit the amended complaint to stand would change the cause of action from a legal to an equitable one. This is the sole question necessary for our determination.

If the cause of action is in fact so changed by the amended complaint the judgment must be affirmed under the settled rule in this jurisdiction.

"A plaintiff may not under the guise of an amendment to a complaint, change a cause of action as stated in the original complaint from a legal to an equitable one."

*Gibons v. D. B. & C. Co.*, 17 Colo. App. 167-171, 67 Pac. 913; *Thompson v. White*, 25 Colo. 226-1240, 54 Pac. 718.

It is important in the beginning to bear in mind the reason for this rule, because the rule itself belongs to a class concerning which it may properly be said that when the reason fails the rule is inapplicable. That reason has been briefly stated by Mr. Chief Justice Elbert,

"The defendant finds himself in court to answer a charge concerning which he has never been summoned."

*Givens v. Wheeler*, 6 Colo. 149-150.

In the case at bar it will be observed that the charge stated in the amended complaint, and which the defendants are required to answer, *is* the charge concerning which they *were* summoned.

Our Code, sec. 32, provides that:

"Civil actions shall be commenced by the filing of a complaint * * * or by the service of a summons," but actions may properly be held to be commenced for one purpose though not for another.

1 Encyc. P. & P., 119.

The reason for the rule prohibiting a change of a cause of action by amendment of the complaint, i. e.,— that a defendant may not be summoned to answer one cause of action and when brought into court required to answer another and entirely different cause of action—requires that for the purpose of determining this question the suit be held to be commenced when the defendant is apprised of the cause which he is required to answer—in the case at bar when the summons was served upon him. That summons required defendants to answer the identical cause of action set forth in the amended complaint.

It has been held that where plaintiff, mistaking his remedy, brings an action at law for damages instead of a bill in equity for an accounting, but inserts some averments which would entitle him to some measure of equitable relief, the cause will not be dismissed but leave will be granted to amend the complaint.

*Blood v. Fairbanks*, 48 Cal. 171.

The converse of the rule would seem to be equally true.

The conditions under which amendments will be permitted, and the general principle which should guide trial courts in considering them have been very clearly set forth in numerous decisions.

"Substantial rights should never be sacrificed to mere forms, and amendments at all times be liberally allowed when they do not lead to surprise or injury."

*Sellar, et al. v. Clelland, et al.*, 2 Colo. 532.

It is not disputed that if the judgment herein be affirmed plaintiffs will be precluded from prosecuting their claims to the property in question because the 30 days allowed them in which to file their complaint in support of their adverse claim has expired.

"Amendments are allowed expressly to save the cause from the Statute of Limitation, and courts have been liberal in allowing them, when the cause of action is not totally different."

*Lottman v. Barnett*, 62 Mo. 159-170.

In view of the foregoing, and considering the fact that the subject matter of the original complaint and the amended complaint are identical, it appears from this record that defendants could neither have been misled or surprised, and the judgment should be reversed.

We are, however, unable to agree that the cause of action stated in the original complaint was one to quiet title. True it is that paragraph 5 thereof recites that plaintiffs "are in actual possession and occupation of the Junk Lode Mining Claim" but so it appears they were, with the exception of that portion thereof covered by their adverse claim,

hence this paragraph of the original complaint is meaningless and if it were omitted the whole complaint would be in doubt and would be as clearly a complaint in ejectment as a complaint to quiet title. It would then, beyond question, be subject to amendment as here sought.

While the prayer of the complaint is not an essential part of the pleading, and the cause of action is not to be determined therefrom, resort thereto may be had not only to determine what the pleader intended by the complaint itself but what his adversary might be led to believe therefrom. The prayer here in question is by no means a model for a complaint in ejectment, but by no possible stretch of the imagination could it be construed into a prayer in an action to quiet title.

We are forced to the conclusion that the amended complaint does not set up a cause of action "totally different" from that set up, or attempted to be set up, in the original complaint; that the amendment could not have led to the "surprise or injury" of the defendants; and that the ruling of the trial court, striking it from the files, was error.

The judgment is accordingly reversed and the cause remanded for further proceedings in harmony with the views herein expressed.

Garrigues, C. J., and Teller, J., concur.