No. 10,493.

LOUDEN IRRIGATING CANAL AND RESERVOIR CO. *v.* NEVILLE.

Decided June 2, 1924. Rehearing denied July 7, 1924.

Action for damages from water from an irrigating ditch. Judgment for plaintiff.

*Affirmed.*

1. PLEADING—*Complaint.* Complaint in an action for damages to land caused by the breaking of irrigating ditch banks, held sufficiently specific.

2. APPEAL AND ERROR—*Motion to Make More Specific.* Motions to make more specific are within the discretion of the court, and rulings thereon are not assignable as error unless prejudice appears.

3. PLEADING—*Motion to Make More Specific.* Error, if any, in the ruling of the trial court on a motion to make the complaint more specific is waived by answering over.

4. TRIAL—*Opening Statement—Map.* Permission to plaintiff, in an action for damages by escape of water through broken ditch banks, to refer to and exhibit a map of the premises in the opening statement, held not prejudicial, where the jury inspected the premises and were instructed not to consider the map as evidence of negligence.

5. *Order of Proof.* Permission to introduce rebuttal evidence in chief, in an action for damages, is within the discretion of the trial court.

6. WITNESSES—*Cross Examination.* The allowance of cross examination, where it is claimed the questions are not proper be-

cause unrelated to the direct examination, is discretionary with the trial court.

7.  APPEAL AND ERROR—*Sufficiency of Evidence—Negligence.* In an action for damages, there being some evidence of negligence, findings of the jury on that question will not be disturbed on the ground of insufficient evidence.

8.  INSTRUCTIONS—*Damages—Negligence.* In an action for damages caused by water escaping from broken ditch banks, an instruction on the duty of defendant, held not misleading when taken with other instructions given by the court.

9.  *Viewing Premises.* An instruction to the effect that what a jury discovered by an inspection of the premises must be considered and interpreted by them in connection with the other evidence, held proper.

10.  *Interpretation.* Instructions must not be subjected to critical analysis like pleadings or statutes, or even like contracts.

11.  EVIDENCE—*Expert Testimony.* In an action for damages to land caused by water escaping from an irrigating ditch, evidence of an expert concerning the construction and feasibility of dams, held properly admitted.

12.  *Negligence—Other Similar Occurrences.* In an action for damages to land occasioned by water escaping through broken ditch banks, evidence that the ditch had frequently broken at other places held proper as relevant to the question of notice to defendant of danger, to the issue of whether defendant properly watched its ditch, and as to whether the break was caused by an act of God.

*Error to the District Court of Larimer County, Non. Neil F. Graham, Judge.*

Mr. JOHN H. SIMPSON, Mr. HERMAN W. SEAMAN, for plaintiff in error.

Mr. AB H. ROMANS, Mr. RUSSELL W. FLEMING, Mr. PAUL W. LEE, Mr. GEORGE H. SHAW, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

NEVILLE had a verdict and judgment against the company, plaintiff in error, in an action for negligently allow-

ing its ditch to break and overflow, thereby flooding and damaging plaintiff's land, and the company brings error.

The defendant's motion to make the complaint more specific and certain as to negligence was denied, and upon this ruling error is assigned. There are three answers to this point:

1. The complaint was more specific than necessary, as complaints usually are. It specified negligence as follows:

"That on May 1st, 1920, defendant negligently allowed water to break out of said canal and run on plaintiff's land for seventy hours, which ruined three or four acres of land; and that defendant's negligence consisted of

(a) Negligently operating said ditch in putting too much water therein and causing the same to break over the bank thereof.

(b) In not properly patrolling said ditch when it was filled to a dangerous point.

(c) In not turning water out of said ditch after the same broke out but letting same run and do unnecessary damage after it had broken out.

(d) In not having said ditch bank built high enough at the point where the same broke out.

(e) In putting a dam across Buckhorn Creek beyond and further down from the bank where the same broke out and caused the water that comes down Buckhorn Creek to back up said ditch and obstruct the flow thereof so that it overflowed the bank and came upon the plaintiff's land, as aforesaid, and in not providing a proper spillway for the ditch so as to allow the water that comes down Buckhorn Creek to go on down said creek in its natural course when the defendant's ditch did not have sufficient capacity to take care of the flow in Buckhorn Creek."

2. The matter is in the discretion of the court, not assignable as error unless prejudice appears. *Mulligan v. Smith,* 32 Colo. 404, 76 Pac. 1063.

3. The matter was waived by answering over. Under the original code this defect was met by demurrer, and there was the express provision, as now, that the defect

was waived by answer. When the amendment of 1887 permitted a motion upon this point, it left the provision for waiver still in force.

The court permitted the plaintiff's attorney in his opening statement to exhibit and refer to a map which it is claimed showed the alleged defects in the ditch to have been remedied. If this was error it was not prejudicial, because both sides asked for an inspection of the premises by the jury, and it was done. There is no rule excluding such evidence for purposes other than the proof of negligence. *Fort Collins v. Roten,* 72 Colo. 182, 210 Pac. 326. Moreover the court excluded the map as evidence and instructed the jury not to consider it as evidence of negligence.

The plaintiff was permitted to introduce rebuttal evidence in chief, but this was not error because the order of evidence is discretionary. Cross-questions were allowed which it is claimed were not proper cross examination because unrelated to the direct examination. This also is a discretionary matter. It is claimed that upon some of the alleged specifications of negligence there was no proof, and that on others there was not enough. We think we cannot disturb the judgment on the ground of insufficiency of evidence in this case without usurping the functions of the jury. There was some evidence of negligence. Arguments of the plaintiff in error with reference to this point would be of some force with the jury but not here.

The court gave instruction No. 12 as follows: "If the injury complained of was caused by an extraordinary flood which could not have been foreseen and provided against, in other words, was an act of God, and such act was the sole cause of the injury complained of, then the plaintiff cannot recover in this action.

It is the duty of the ditch company to use reasonable and ordinary care in the construction, maintenance and operation of its said ditch, and if it fails to use such ordinary care in the construction, maintenance and operation of its said ditch, and damages result by reason of such

failure, then the ditch company would be liable for any damages occasioned by said failure on the part of the ditch company. It is only relieved from liability when it is shown that the flood was an unusual or extraordinary one —in other words that it was an act of God, an act which could not have been anticipated and provided against."

It is urged that the last sentence of this instruction tells the jury that the defendant was necessarily liable unless there was an unusual flood. We do not think the jury could have so construed or interpreted it taken in connection with the other instructions, particularly instruction No. 13, and the instruction No. 5, declaring the burden of proving negligence to be upon the plaintiff, and that no recovery could be had without the proof of negligence.

The court gave instruction No. 14 as follows: "Having made a personal inspection of the premises surrounding the scene of the alleged injury, it is your duty to consider what was then observed by you in weighing the evidence in this case in arriving at the truth of the contentions made by parties to this action and to apply to this evidence the knowledge thus gained by such observation and inspection; wherever herein the court instructs you concerning the evidence in the case, the language not only contemplates such evidence, but the construction which you shall put upon it by the facts and circumstances made known to you through such inspection and observation."

We do not think this instruction is happily expressed, but the effect of it is that what the jury discovered by inspection must be considered and interpreted by them in connection with the other evidence, and that is right. Instructions must not be subjected to critical analysis like pleadings or statutes, or even like contracts.

The witness Osborn qualified as an irrigation engineer and was allowed to testify concerning a dam by virtue of which the defendant's ditch was carried across the Buckhorn creek, and to state in answer to a hypothetical question that "that kind of construction would be very poor." This was the ordinary course of expert testimony. It is urged

that this question was not in accordance with the evidence, but we think that there was evidence to justify it.

The same witness was allowed to say that he had seen removable dams. This was relevant to the question whether another and better kind of dam was feasible. So as to his testimony concerning the expense of such a dam— it went directly to the point of feasibility.

Other questions were asked the same expert which it is not necessary to discuss. They were all as proper as any expert testimony.

Plaintiff was allowed to show that the ditch had frequently broken at other places, at other times. It is urged that this is in violation of the rule that other acts of negligence cannot be shown as a method of proof of the negligence alleged, but these other breaks were relevant to the question of notice to the defendant of danger (*Tramway Co. v. Cowan,* 51 Colo. 64, 116 Pac. 136), and to the issue which was made by the pleadings whether the defendants had properly watched their ditch, and to the issue made by the pleadings, on the allegation of the defendant, as to whether the damage was caused by the act of God, unforeseeable. It was therefore admissible. If the rules excluding evidence for certain purposes excluded it for all purposes proof would be often impossible.

It is not necessary to notice the other matters upon which error is predicated.

The judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.