## No. 11,723.

### RYAN GULCH RESERVOIR COMPANY *v.* SWARTZ.

Decided January 16, 1928.

Action for damages occasioned by water escaping from a reservoir. Judgment for plaintiff.

### *Affirmed.*

1. RES JUDICATA—*Law of the Case.* A pronouncement of the Supreme Court is not the law of the case or res judicata on a second trial, unless the facts elicited at the second trial are substantially the same as those produced at the first.

2. RESERVOIRS—*Escaping Water—Damages—Act of God.* In an action for damages occasioned by water escaping from a reservoir, defendant will not be entitled to a verdict under the defense that the damage was occasioned by an act of God, unless the proximate cause of the injury was such act. If he was negligent in building or maintaining the reservoir and such negligence contributed to, or co-operated with, the act of God in causing the damage, he can not escape liability.

3. APPEAL AND ERROR—*Conflicting Evidence.* The evidence being conflicting and the jury having found for plaintiff upon legal and competent evidence, a judgment based thereon will not be disturbed on review unless the trial court committed prejudicial error of a material nature upon some other branch of the case.

4. DAMAGES—*Act of God—Negligence.* Where a defendant's wrongful acts co-operated with, augmented or accelerated the forces of nature, known as an act of God, to the injury of another, he is liable in damages.

5. PLEADING—*Reservoirs—Damages.* In an action for damages occasioned by water escaping from a reservoir, defendant having pleaded an act of God, there was no error in the refusal of the court to strike from plaintiff's replication a plea of defendant's contributory negligence.

6. RESERVOIRS—*Damages—Evidence—Similar Occurrences.* In an action for damages occasioned by water escaping from defendant's reservoir, evidence that the banks of no other reservoir in the district broke at the time from the same storm, held admissible under proper restrictions.

7.  APPEAL AND ERROR—*Evidence.* There is no error in admitting evidence on behalf of a party which is in rebuttal of like testimony introduced by his opponent.

8.  EVIDENCE—*Photographs—Legends.* The admission in evidence of photographs with legends thereon, are within the sound discretion of the trial court.

9.      *Expert Witnesses—Opinions.* Opinions of expert witnesses relating to matters of science or skill are admissible in evidence.

10. APPEAL AND ERROR—*Rulings on Admissibility of Evidence.* A ruling of the trial court on the admission of evidence will not be disturbed on review, where the testimony might have been competent on some of the issues, there being only a general objection to its introduction.

11. PLEADING—*Complaint and Replication—Departure.* Where plaintiff in an action for damages occasioned by water escaping from a reservoir alleged absolute statutory liability on the part of defendant, and the latter pleaded an act of God as a defense, it is held that a denial of this defense in the replication and an affirmative allegation that defendant's contributory negligence co-operated with the act of God in causing the injury, did not constitute a departure from the position taken in the complaint.

12.     *Forms of Actions—Shifting.* A party may shift from one kind of a legal action to another kind of a legal action, so long as the cause of action itself is not changed.

*Error to the District Court of Larimer County, Hon. Claude C. Coffin, Judge.*

Messrs. STOW & STOVER, Mr. E. S. ALLEN, Mr. H. A. ALPERT, for plaintiff in error.

Mr. AB H. ROMANS, Mr. PAUL W. LEE, Mr. GEORGE H. SHAW, for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

The plaintiff Swartz, whose lands have been injured, as he says, by the escaping waters of two reservoirs, one owned by the Ryan Gulch Reservoir Company, the other by the Southside Irrigation and Reservoir Company, brought his action against both corporations to recover the amount of his damages. The jury awarded him damages against both defendants, which ripened into a judgment in his favor, which, on review by us (*Ryan Gulch Co. v. Swartz*, 77 Colo. 60, 234 Pac. 1059) was reversed and the cause remanded for trial de novo. Our former opinion should be read in connection with this, as it will save some repetition of the facts as well as disclose the difference between the case as then made and the case as made upon the second trial. After our remittitur was sent down the plaintiff, with the court's permission, dismissed as to the Southside Company, probably because in our former opinion we said that upon the facts then before us there was no joint liability of the defendants and they cannot be sued jointly even though each defendant, had it been sued alone, might be liable for damages. Plaintiff then amended his complaint accordingly and thereupon elected to proceed, and did proceed, against the Ryan Gulch Company alone. The trial resulted in a judgment, now under review, for the plaintiff in the sum of $6,000.

In no material respect does the amended, differ from the original, complaint, except in the absence from the former of all averments concerning the dismissed defendant. Both complaints in form proceed, erroneously, it is true, on the same theory, viz., the absolute statutory liability of reservoir owners for damages in such cases, from which even an act of God as the sole proximate cause does not exempt them. The answer to this amended complaint, was, first, a general denial; second, that the flow of waters other than those impounded by the defendant caused the injury; third, act of God as the sole cause of the injury; fourth, a plea of res adjudicata, the same consisting of that part of our former opinion or decision

where we said that the record then before us sufficiently showed that an act of God was the proximate cause of the injury.

The trial court sustained plaintiff's motion to strike from the answer the fourth defense of res adjudicata. Plaintiff then filed his replication denying the defense of vis major or act of God, and as an affirmative reply alleged that the defendant was guilty of negligence in the construction and maintenance of its reservoir which caused or contributed to the injury of the plaintiff, and that defendant's reservoir dam would not have broken and caused plaintiff's injury save for such negligence of the defendant.

1. In our former opinion we said that the court's instruction as to an act of God was inconsistent with itself. Possibly that statement was not strictly accurate or complete in itself and we take this opportunity to say that a better expression of our thought is that, under the facts then before the court, and because the defendant at that time neither alleged nor produced evidence bearing on such an issue, the instruction was inapplicable to the facts and, therefore, may be confusing or misleading. We did not then intend to rule, and did not say—because the case as made by averments and proof did not call for the announcement—that a defendant's negligent act that contributes to, or co-operates with, an act of God exempts him from liability for an injury inflicted as the result of the combined act of God and his own acts of omission or commission.

The defendant is wrong in interpreting as res adjudicata our announcement in the former opinion, that the evidence in the record then before us was sufficient to prove that the rainstorm or cloudburst was an act of God and could not have been foreseen or prevented by any care of the defendant in constructing and maintaining its reservoir; and that we intended thereby thus to end this controversy. Had such been our conclusion and intention, we would not have remanded the cause for trial

de novo but, on the contrary, would have dismissed the action. Our announcement was not intended to be, and could not be, the law of the case on a second trial unless the facts elicited at the second, were substantially the same as those produced at the first, trial. At the first trial the plaintiff offered no evidence as to the negligence of the defendant in building or maintaining its reservoir, because he relied, unwisely it is true, for a recovery upon the mere fact of the breaking of its embankments and the consequent overflow of its waters upon his lands. In other words, upon the supposed absolute statutory liability of a reservoir owner in such a case. When, however, we held in our former decision that an act of God, or vis major, is a good defense, the plaintiff, on the second trial, on proper averment produced evidence, entirely absent at the first trial, tending to prove not only that the rainstorm was not an act of God, but, if so, that it was also of such a character as to warrant the conclusion, which the jury reached, that defendant's lack of proper care and maintenance of the reservoir and its embankments in a reasonably safe condition was the sole proximate cause of the injury; or that such negligence contributed to, or co-operated with, the act of God in bringing about that result. Otherwise expressed, plaintiff's evidence on this issue, at the second trial, tended to show, and the jury found, that if the storm was an act of God, nevertheless it was not the sole cause of the injury, but that defendant's negligence contributed thereto. Hence a different state of facts was presented to the trial court which required a submission to the jury to make a finding as to the cause or causes of the injury. The trial court properly instructed the jury in accordance with what we believe to be the law, that the defendant under the evidence was not entitled to a verdict, unless the proximate cause of the injury was solely an act of God, and that if the defendant was negligent in the building or maintaining of the banks of the reservoir and that such negligence contributed to or co-operated with the act of

God, the defendant cannot escape liability. We, therefore, say that our previous announcement is not, and was not intended to be, res adjudicata. *Johnson v. Bailey,* 17 Colo. 59, 28 Pac. 81. The evidence being in direct conflict upon the issue of the cause of the injury, and the jury having found in favor of the plaintiff upon legal and competent evidence, and the trial court having approved of the verdict, we cannot disturb the same or the judgment entered thereon for failure or lack of evidence to support it. Unless the trial court committed prejudicial error of a material nature upon some other branch of the case, the defendant is not entitled to relief here.

2. In a separate assignment the defendant renews or continues its argument that the court erred in refusing to strike from the replication the plea of defendant's contributory negligence. What we have already said makes this ruling right.

3. Not until our former opinion in this case was announced had it been decided in this jurisdiction that an act of God or vis major is a good defense under the sections of our reservoir act above referred to. Probably such a decision was foreshadowed by this court in *Garnet Co. v. Sampson,* 48 Colo. 285, 110 Pac. 79, 1136. Some of our cases like *Ditch Co. v. Zimmerman,* 4 Colo. App. 78, 34 Pac. 1111, have indicated or suggested that liability under these statutes is sufficiently absolute to relieve the plaintiff from alleging and proving negligence in the first instance. None of our cases, and we have found no well-considered case elsewhere so holding, have gone to the extent of saying that when an act of God or vis major is relied upon as a defense, the plaintiff was thereby precluded from setting up in replication that the defendant's negligence contributed to, or co-operated with, the act of God in causing the injury. The authorities, as we understand them, do not sustain such a contention. It is the law, as we understand it, that where a defendant's wrongful acts co-operate with, augment, or accelerate the forces of nature, known as an act of God, to the injury of an-

other, he is liable in damages.  In *The Salton Sea Cases,*
172 Fed. 792, 818, it was held that a defendant may not
escape liability for some wrongful act of his that has
assisted in, or co-operated with, an act of God.  Another
well considered case is *Taylor v. C. & O. Ry. Co.,* 84 W.
Va. 442, 100 S. E. 218, also reported in 7 A. L. R. 112.
In Kinney on Irrigation, (1st Ed.) section 314, the author
says, in effect, although the reservoir owner may not be
held liable for what is known as an act of God, generally
speaking, yet if the acts of the owner are combined with
the same, or co-operate with the same, he may be liable.
In the case of *The Majestic,* 166 U. S. 375, 386, 17 Sup. Ct.
597 (41 L. Ed. 1039), Mr. Justice Fuller, quoting from
Chancellor Kent, says: ''The act of God  *  *  *  means
'inevitable accident, without the intervention of man and
public enemies.' '' It necessarily follows, therefore, that
there was no error by the trial court in refusing to strike
from the plaintiff's replication the plea of defendant's
contributory negligence.  1 C. J. p. 1174, *C., R. I. & P. R.
Co. v. Bahr,* 78 Okl. 78, 188 Pac. 1058.

4.  We do not think it was error for the court to permit
the witness House to testify as to the condition of dams
and spillways of both reservoirs that were mentioned in
the original complaint.  Another ruling assigned as error
is that the court permitted the witness Kelly to testify
that no other reservoirs in the water district broke as the
result of this storm.  There was evidence tending to show
that the storm was widespread and of short duration.
Probably there is no direct evidence as to the limits of
the storm.  We think that the plaintiff is right in his
argument that if the questions propounded to the witness
Kelly were too broad, objection should have been made
on that ground.  So also, if the objection had been spec-
ific, and only a few reservoirs were affected, such facts
could have been testified to.  The defendant was per-
mitted to offer evidence of similar character and we do
not think, in the circumstances, that there was error in
admitting this testimony of plaintiff's witness Kelly for it

was in rebuttal to the testimony of a similar character on the part of the defendant. 22 C. J. p. 753; *National Fuel Co. v. McNulty,* 65 Colo. 176, 177 Pac. 979.

Objection was also made that the court erred in admitting in evidence a photograph with legends thereon identifying particular objects as shown in plaintiff's Exhibit K, the point being that on this photograph were arrow heads pointing in a certain direction to certain objects which it is claimed gave too much prominence thereto. The photograph though not in the printed abstract is in the transcript. On inspection thereof we cannot say that harm resulted from this ruling of the court. Such matters are largely within the sound discretion of the trial court and we cannot say that it was abused in this instance, for the court said in admitting it that the legends thereon might be considered as part of the testimony of the witness who placed the legends on the photograph.

Defendant also claims that the witness House was permitted to give his opinion as to the cause of the injury thereby usurping the province of the jury which only may determine such an issue. It is not clear from the briefs of the defendant whether or not this was prejudicial error. The only objection interposed to the question to which the answer was made, was that the same was incompetent, irrelevant and immaterial. It may be that under the testimony in this case, and we are inclined to believe it is true, that the witness was an expert witness and that such testimony related to a matter of science and skill, therefore admissible. No objection was made on the ground that the witness had not qualified as an expert and as the testimony might have been competent upon some of the issues, the general objection was not sufficient to warrant us in reversing the case for the alleged error. We are satisfied from a careful examination of the record in the case that the jury based its findings not upon the statement of the witness House but upon competent testimony of witnesses as to material facts bearing on the cause of the injury. Similar objec-

tions were held not reversible error in: *Ft. Collins Dev. Ry. Co. v. France,* 41 Colo. 512, 92 Pac. 953; *Louden Co. v. Neville,* 75 Colo. 536, 227 Pac. 562; *National Fuel Co. v. McNulty, supra; Ball v. Hardesty,* 38 Kan. 540, 542, 16 Pac. 808; Wigmore on Evidence, Vol. 4, sec. 1976.

A careful examination of this voluminous record discloses no reversible or prejudicial error. The principal objection to the judgment is as to the liability of a defendant whose own negligence contributes to, or co-operates with, a so-called act of God. That the defendant who makes such contribution in a legal sense causes the injury seems well-settled by the courts of this country generally. The fact that the writer of this opinion dissented in the Garnet case, supra, and was not disposed to construe the statute as was done in that case, is not important. It is the law of this state and we follow it here. The point is mentioned by the defendant that there was a departure in the replication from the complaint in that the complaint alleged an absolute statutory liability, while the replication pleaded contributory negligence. The plaintiff was not bound in his complaint to anticipate that the defendant would plead as a defense an act of God which caused the injury, but when the defendant in its answer did set up such a defense, certainly the plaintiff was not precluded in his replication from denying the same and alleging affirmatively that the defendant's own contributory negligence caused or co-operated with the act of God or vis major in causing the injury. Something is said in the brief by the defendant about this being a departure from the position taken in the complaint. We do not think so. While at the common law a party may not shift his position or change his action from contract to tort, or from tort to contract, or convert a law action into a suit in equity, nevertheless he might change, even at the common law, and certainly under the code, not his cause of action, but he can shift from one kind of a legal action to another kind of a legal action, so long as the cause of action itself is not changed. 31 Cyc. pp. 360,

361, 362, 365, 381, 382. The right and scope of amendment have been further enlarged and extended in the following, among other, cases: *Green v. Davis,* 67 Colo. 52, 185 Pac. 369; *Weddingfeld v. Gregersen,* 73 Colo. 582, 216 Pac. 1053; *U. P. R. R. Co. v. Brower,* 60 Colo. 579, 155 Pac. 312. We think there has been no violation in this case of the applicable rule.

Finding no prejudicial error in the record, the judgment is affirmed.

MR. JUSTICE BUTLER concurring specially.

I concur in the affirmance of the judgment. In the concluding words, the opinion goes beyond the necessities of the occasion, and discusses a matter not before us. The plaintiff, in his replication, does not shift ''from one kind of legal action to another.'' He does not shift at all. The negligence of the defendant is alleged in the replication, not as a cause of action or a basis of recovery, but merely to defeat the defendant's affirmative plea that the injury was caused by the act of God, which, of course, implies the absence of human agency. If the defendant was negligent, and if such negligence so contributed to the injury, or so co-operated with the storm in causing the injury, that without such negligence the injury would not have occurred, the proximate cause of the injury would not be the act of God; and in such case the affirmative defense would fail. In pleading such negligence in his replication, the plaintiff did precisely what this court and the defendant's counsel, when the case was here before, said that he should do. *Ryan Gulch Reservoir Co. v. Swartz,* 77 Colo. 60, 68, 234 Pac. 1059. It may be that such allegation was a mere argumentative denial; if so, the defendant cannot now complain on that ground, as it did not make such objection below. In any event, the trial court's refusal to strike the allegation from the replication did not prejudice the substantial rights of the defendant.

MR. CHIEF JUSTICE DENISON concurs herein.