George W. Miller, Appellee, v. Mobile & Ohio Railroad Company, Appellant.

Heard in this court at the February term, 1931. Opinion filed February 1, 1932. Rehearing denied March 4, 1932.

LANSDEN & LANSDEN, L. R. STEWART and R. WALLACE KARRAKER, for appellant; CARL FOX, of counsel.

H. A. SPANN, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellee owns and resides upon 13 acres of land immediately west of appellant's railroad at the Village of Mill Creek. His land and all other land just west of the railroad is lower than the railroad embankment. A little farther west the land is much

higher. The low land between the railroad and the high land to the west is only 20 feet in width a short distance south of appellee's property and going north from that point it widens until it is 500 or 600 feet wide about a half mile north of appellee's property, thus forming a basin. Lingle Creek comes from the northwest and Heilig Creek from the north toward that basin and about a mile north of appellee's land and west of the railroad those two creeks join and form Mill Creek which flows to the southeast. The natural flow of the water is from the north and northwest to the southeast. The railroad crosses Mill Creek on a trestle and prior to 1925 appellant took care of the overflow from those creeks by means of a 36-foot trestle about one-half mile north of appellant's land.

In 1925, appellant filled that 36-foot trestle with earth and substituted a five-foot tile drain to carry the water. In 1928, appellant raised its tracks about 14 inches along the east side of the basin above described. Frequent rains in June, 1928, and in January, 1929, flooded the basin including appellee's premises by reason of the changes aforesaid which obstructed the natural flow of the water. Upon about five acres of appellee's land the water stood about three feet deep for several hours at a time. It came into his house and other buildings carrying mud and debris, filled his well and damaged and destroyed his personal property.

Appellee brought this suit in 1929. The gist of his declaration is that since 1924 appellant raised its embankment, closed some openings therein and shortened others through which the water had been previously carried away; that thereafter it negligently maintained its embankment in that condition without providing necessary openings to allow the water to follow its natural course and thereby caused the flooding of his premises, the damage of the same and the damage and destruction of his personal property during the

years 1928 and 1929. Appellant filed the general issue and a special plea to the effect that its road-bed and embankment were constructed more than 25 years prior to the commencement of the suit and that the same has been continuously used and maintained by appellant in the operation of its road. To that plea appellee replied that the same was not used for that length of time in the present condition, etc. Appellant rejoined that the changes made did not increase the flow of the water upon appellee's premises. The trial resulted in a verdict and judgment for $800, a little less than the amount of appellee's loss and damage to personal property as testified to by him.

Complaint is made of rulings on instructions. It is said that appellee's fourth instruction is erroneous but no error is pointed out and no question is presented for our consideration. It is suggested that appellee's sixth, eighth and eleventh instructions ignored the defense set up in the special plea. The declaration was based upon changes made in the embankment since 1924 and there was no charge of negligence in the original construction thereof. The plea simply raised a false issue and it was properly ignored. Appellant clearly had no prescriptive right to maintain its embankment in the condition it was after the changes made subsequent to 1924. Appellant argues that the eighth and eleventh instructions also ignore the defense of extraordinary and unprecedented rainfall, or in other words the defense that appellee's damages were caused by "An act of God." Some of appellant's given instructions informed the jury that if they believed from the evidence that the damages were caused by unprecedented rainfalls there could be no recovery. The jury found in answer to a special interrogatory submitted by appellant that the rainfalls were not unprecedented.

Appellant says that the court erred in giving appellee's seventh instruction as to the measure of dam-

ages. It was proven, without objection, that the loss and damage to personal property, cleaning up, etc., was more than $800, and that the real estate was damaged to the extent of $1,500. The verdict was for $800, so that it is clear that the jury was not misled by that instruction.

Appellant insists that the evidence does not support the special finding of the jury to the effect that the rainfalls were not unprecedented. A party changing or restraining the flow of water must provide against the consequences of unusually heavy rainfall, and is liable for damages caused by a failure to make such provision. Whether the rainfalls which caused the overflow were so heavy and unprecedented that the damage may be regarded as caused by "An act of God," so as to relieve a defendant from liability, is a question of fact for the jury. *Chicago P. & St. L. Ry. Co. v. Reuter*, 223 Ill. 387. And if the defendant was guilty of negligence but for which the damage would not have occurred, he cannot escape liability on the ground that the rainfall was "An act of God." Before he can invoke the rule, he must be free from negligence which was a proximate cause of the damage. *Wald v. Pittsburg, C., C. & St. L. R. Co.*, 162 Ill. 545; *Taylor v. Chesapeake & Ohio Ry. Co.*, 84 W. Va. 442, 7 A. L. R. 112. In view of the fact that appellant changed the opening in its embankment from a 36-foot trestle to a five-foot drain tile, we cannot say that there was no evidence of negligence.

At appellant's request the jury was asked, if, in January, 1929, the washing out of a public highway bridge across the canal impeded the flow of water through the canal so as to substantially increase the flow of water along the west side of appellant's embankment upon and across appellee's premises, and the answer was in the negative. The jury was fully instructed that if the flow of water was so increased

over appellee's property, appellant was not responsible for such increase and that no damages should be allowed therefor. That was a question for the jury and we cannot say that their conclusion should be set aside.

Appellant contends that the court erred in modifying its last instruction. The first part of the instruction was: "The Court instructs you that if you believe from the evidence that the defendant maintained its road-bed and railroad embankment at the location in question as a permanent structure for more than 20 years prior to 1925"; at that point the court inserted— "and that the same was constructed without negligence" and the instruction proceeds—"you cannot allow the plaintiff any damages in this case unless you further believe from the evidence that the changes made in said embankment and the openings therein during and after the year 1925 increased the flow of water over the plaintiff's property and premises in times when the rainfalls which occurred were of such character as could have been reasonably anticipated and which were not unprecedented in their nature and extent." It is claimed that the words inserted by the court authorized the jury to determine whether the embankment was originally constructed in a negligent manner and that if it was they could allow damages therefor.

The instruction as asked should have been refused. There was no claim in the declaration that there was any negligence in the original construction. Appellant clearly had no prescriptive right to maintain its embankment in the condition it was after the changes made in 1925 and thereafter. There was no evidence that tended in the slightest degree to prove negligence in the original construction. All of the evidence was directed to the changes made after 1924 and to the damages that subsequently accrued. We are satisfied

that the jury could not have been misled by the modification of the instruction. Appellant says the court erred in refusing five of its instructions, but the alleged error is not pointed out. Some of them were clearly erroneous and the others were covered by the given instructions. No reversible error has been brought to our attention and the judgment is affirmed.

*Affirmed.*